## Miller, Appellant, *v.* Miller. (1)

147  545
147  548
147  545
d193 174

*Execution—Judgment—Revival—Act of May 19, 1887.*

Under the act of May 19, 1887, P. L. 132, real estate cannot be taken in execution under a judgment more than five years old prior to a revival of such judgment. The issuing of a sci. fa. on the same day as the fi. fa. will not answer the requirements of the act.

Argued March 3, 1892.   Appeal, No. 302, Jan. T., 1892, by Wm. Miller et al., administrators of Mahlon Miller, from an order of C. P. Berks Co., Aug. T., 1890, No. 15, setting aside fi. fa. so far as same related to real estate.   Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

From the record it appeared that on May 12, 1885, judgment was entered in favor of Mahlon Miller against Robert Miller on a judgment note containing a release of all errors and a waiver of " inquisition and extension before any levy on real estate."   On July 2, 1890, a sci. fa. to reverse the judgment was issued, and on the same day a fi. fa. was issued.   On Aug. 13, 1890, defendant obtained a rule to set aside the levy and proceedings under the fi. fa., so far as they related to real estate. On July 30, 1890, Jeremiah Miller obtained a judgment against defendant.   On Oct. 20. 1890, judgment was obtained on the sci. fa.   On Oct. 20, 1890, ENDLICH, J., filed the following opinion:

" Judgment was entered on May 12, 1885, against the defendant, to No. 9, May term, 1885, J. D., and on July 2, 1890, execution was issued thereon to No. 15, August term, 1890, E. D., under which on August 9, 1890, defendant's real estate was condemned.   On August 13, 1890, defendants obtained a rule upon plaintiffs to show cause why the fi. fa., levy and proceedings had thereunder, so far as the same related to his real estate, should not be vacated and set aside.   It is admitted that between the date of the entry of the judgment and that of issuing of the fi. fa. no proceedings were instituted to revive or continue the lien of the judgment, and no sci. fa. issued to show cause why execution should not issue, but that at the time of the issuing of the execution a sci. fa. was also issued for both these purposes.

VOL. CXLVII—35

" The act of June 16, 1836, P. L. 761, provides, in section 1, that execution of any judgment may be had at any time within a year and a day from the first day of the term at which it was rendered, or, in case of a stay of execution, from the expiration of such stay: 1 Purd. Dig., p. 739, pl. 1. The second section declares that after the expiration of the period aforesaid, no execution shall be issued upon any judgment unless the defendant, etc., shall first be warned by writ of sci. fa. to show cause why execution shall not issue such judgment: Ibid., pl. 3.

" The act of April 16, 1845, section 4, P. L. 538, Purd. Dig., supra, pl. 2, however, provides that it shall not be deemed error to issue any writ of execution on a judgment which has not been revived within a year and a day, if the same have been revived within five years. And the act of May 19, 1887, P. L. 132, authorizes the issuing of executions upon any judgment of record without a previous writ of sci. fa. to revive, provided: (1) That such execution be restrained to the personal property of the debtor. (2) That it be issued within twenty years from the maturity of the judgment, and (3) that a sci. fa. to revive be issued simultaneously with it, the showing of a legal defence upon which shall authorize the court to stay execution, etc.

" It follows that from the mere reading of the plain language of these statutes that the plaintiff's execution cannot be good so far as it attempts to touch his realty. It is not disputed that as between the judgment debtor and creditor the lien of the judgment continues, notwithstanding the lapse of more than five years from entry without revival. Brown's Appeal, 91 Pa. 485. But in such cases the law inhibits the enforcement of that lien by execution upon the debtor's real estate until he shall 'first' have had a day in court to show cause why execution should not issue. That the issuing of a sci. fa. simultaneously with that of execution will not answer this requirement, is too clear to warrant discussion: See Marx v. Goldsmith, 14 W. N. C. 173; Harmony B. Assn. v. Berger, Id., 499. That and why the same requirement does not apply to attachment execution was shown in an opinion of the president judge in Corney v. Goodman, C. P. Berks Co., No. 13, November term, 1888, E. D.

" The rule to show cause is made absolute."

*Errors assigned* were (1) in making absolute the rule; (2) in setting aside the inquisition; and (3) in not discharging the rule.

*D. E. Schroeder* for appellants.—By the fi. fa. levy of July 2, 1890, after separation of the five years' statutory lien, the appellants acquired a " distinct and independent lien by execution," which had priority to the judgment of Jeremiah Miller : Stauffer v. Commissioners, 1 Watts, 300 ; Packer's Ap., 6 Pa. 277 ; Brown's Ap., 91 Pa. 487 ; Lewis v. Morgan, 11 S. & R. 236 ; McCahan v. Elliott, 103 Pa. 635 ; Riland v. Eckert, 23 Pa. 215 ; Stephen's Ap., 38 Pa. 15.

The sci. fa. and fi. fa. may be issued at the same time : Brewster's Practice, 196.

Miller, defendant, waived her rights under any execution : Dunlop v. Speer, 3 Binn. 169 ; White v. Crawford, 84 Pa. 436 ; Overton v. Tozer, 7 Watts, 331 ; Hope v. Everhart, 70 Pa. 231.

*Stephen M. Meredith* and *Louis Richards,* for appellee, were not heard.

PER CURIAM, March 21, 1892.

For reasons given in its opinion filed October 20, 1890, the court below was clearly right in setting aside the levy on defendant's real estate, and all subsequent proceedings thereunder.

Before plaintiff's execution was issued, the lien of their judgment, as to purchasers and subsequent judgment creditors, had expired; and no judgment of revival was obtained on their scire facias until October 20, 1890. In the meantime, viz., July 30, 1890, Jeremiah Miller obtained judgment against defendant, and, of course, his lien antedated that of the plaintiffs on their scire facias to revive etc.

The act of May 19, 1887, P. L. 132, provides that, from and after its passage, " execution may issue upon any judgment of record in any of the courts of this commonwealth, notwithstanding such judgment may have lost its lien upon real estate, without a previous writ of scire facias to revive the same : Provided, however, that such execution shall be confined or restricted to the personal property only of the debtor, and that such execution shall not issue after the lapse of twenty years from the maturity of the judgment."

The order complained of did not interfere with any lien the plaintiffs may have had on the defendant's personal property by virtue of their execution. It was only the levy and proceedings had thereunder, so far as the same relates to the real estate of defendant, that was vacated and set aside by the order.

The specifications are not sustained.

The order of the court is affirmed, with costs to be paid by appellants.