# Lauer, Assignee, to use of Woltjen, Appellant, *v.* Ketner.

*Married women—Judgment—Sci. fa. to revive—Coverture—Presumption.*

On a sci. fa. to revive a judgment, no defence can be made except one that has arisen since the judgment. If a judgment has been entered against husband and wife and revived without any indication of the relationship of the defendants, when it is again revived against them as husband and wife, the presumption is that the coverture took place after the first revival; and coverture cannot be pleaded or proved on a sci. fa. to revive the last judgment.

Conlyn v. Parker, 113 Pa. 29, affirmed; Seymour v. Hubert, 92 Pa. 499, explained and distinguished.

Argued Feb. 13, 1894. Appeal, No. 46, Jan. T., 1894, by plaintiff, Frederick Lauer, assignee of George Lauer, to use, etc., from order of C. P. Schuylkill Co., May T., 1888, No. 248, entering judgment against M. M. Ketner, alone, on verdict against M. M. Ketner and Ann M. Ketner, his wife. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Sci. fa. to revive judgment.

The record showed that the original judgment was entered by confession against "Michael M. Ketner and Ann Ketner." This judgment was amicably revived as "Frederick Lauer, assignee of George Lauer, now to use of Charles H. Woltjen against M. M. Ketner and Ann M. Ketner." This latter judgment was revived against "M. M. Ketner and Ann M. Ketner, his wife." The writ in this case was issued to revive this last judgment. The pleas were "nil debet, payment, set-off, payment with leave." The case was tried before GREEN, J., who directed a verdict for plaintiff and the same day granted a rule to show cause why judgment should not be entered against M. M. Ketner alone. The court, in an opinion by WEIDMAN, J., stating that, while coverture was not specially pleaded, Judge GREEN's notes of the trial showed that it was admitted that Ann M. Ketner was the wife of M. M. Ketner at the time of the execution of the bond on which the judgment was origi-

nally entered, and relying on Seymour v. Hubert, 92 Pa. 499, and Dorrance v. Scott, 3 Whart. 308, made the rule absolute.

*Error assigned* was above order.

*Edmund D. Smith,* for appellant.—To a sci. fa. on a judgment only a subsequent defence can be made: R. R. v. Marshall, 85 Pa. 187 ; Dowling v. McGregor, 91 Pa. 410 ; Stroud's Ap., 109 Pa. 326 ; Campbell's Ap., 118 Pa. 128–137.

This case is ruled by Conlyn v. Parker, 113 Pa. 29, and Brunner's Ap., 47 Pa. 67.

There was no plea of coverture here as there was in Seymour v. Hubert, 92 Pa. 499.

There was no appearance for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894 :

On a scire facias to revive, no defence can be made except one that has arisen since the judgment. In the present case the original judgment was entered in 1873, and it was revived in 1878, without any indication up to that time that the parties defendant were husband and wife. When therefore it was again revived in 1883 against M. M. Ketner, and Ann Ketner his wife, the presumption was that the coverture had taken place since the previous revival, and that the judgment in that form was regular and authorized. There was nothing on the record to rebut that presumption, and coverture could not be pleaded or proved on a scire facias on that judgment.

These general principles are not questioned, as indeed they could not be in view of the settled line of authorities coming down as late as Conlyn v. Parker, 113 Pa. 29. But the learned judge below, relying mainly on Seymour v. Hubert, 92 Pa. 499, was of opinion that the fact of coverture having got upon the record by the revival of 1883, was available as a defence to the scire facias of 1888, and the case was to be treated as if on all fours with the decisions in Dorrance v. Scott, 3 Whart. 308, and kindred cases. But Seymour v. Hubert does not sustain the broad contention that where the fact of coverture appears on the record, no matter how it got there, it will be a defence on scire facias. On the contrary the decision is put expressly on the ground that the coverture was pleaded, and instead of

demurring or moving to strike off the plea, plaintiff accepted the issue tendered and went to trial upon it, and thereby estopped himself from objecting to proof of the fact. All that that case decided was that if issue be tendered in a special plea, and accepted, the issue must be tried even though the plea would have been demurrable. The case is cited by our late brother CLARK in R. R. Co. v. Broadnax, 109 Pa. 432, 442, in support of this principle.

The fact that coverture appears on the record is not therefore by itself sufficient to make it a defence to a scire facias. The circumstances under which it gets there must also be considered. In the present case as already said the coverture only appeared on the second revival, and the presumption was that it had taken place since the first revival. The judgment of 1883 was regular on its face, and previous coverture could not be proved on a scire facias to revive it.

The order entering judgment against M. M. Ketner alone is reversed, and judgment is entered on the verdict against both the defendants.