### DAVIS v. DAVIS.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

#### No. 890.

1. JUDGMENT (§ 818*)—FOREIGN JUDGMENT—FULL FAITH AND CREDIT.

The constitutional provision that full faith and credit shall be given in each state to the judicial proceedings of every other state, and the act of Congress passed pursuant thereto, does not prevent inquiry in an action on a foreign judgment into the jurisdiction of the court rendering it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1458; Dec. Dig. § 818.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. **JUDGMENT (§ 870*)— REVIVAL—STATUTES—SCIRE FACIAS.**

St. Westm. II. 13 Edw. I. c. 45. extended the remedy of scire facias to revive a judgment, which theretofore existed at common law only as to real actions and writs of annuity, to include judgments in personal actions which had not become dead, but only dormant by a failure to issue execution within a year and a day.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1609; Dec. Dig. § 870.*]

3. **JUDGMENT (§§ 853, 870, 910*)—REVIVAL.**

Where no execution had been issued on a judgment at common law within a year and a day, it became dormant, but was not dead, and could still be the foundation of a new action of debt, or, at plaintiff's election, could be revived by scire facias, so as to again become a lien on which execution might issue.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1565, 1609, 1732; Dec. Dig. §§ 853, 870, 910.*]

4. **JUDGMENT (§ 870*)—REVIVAL—SCIRE FACIAS—NATURE OF ACTION.**

The writ of scire facias to revive a judgment at common law was not a new action, but a continuation of the old one.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1613; Dec. Dig. § 870.*]

5. **JUDGMENT (§ 853*)—LIENS—STATUTES—CONSTRUCTION.**

Act Pa. June 1, 1887 (P. L. 289), provides that all judgments entered in any court of record, or revived as prescribed by the act, shall continue a lien on defendant's real estate for five years from the date of entry or revival, and no longer, unless revived within that period by agreement of the parties or by a writ of scire facias. *Held*, that such act merely dissolved the lien of a judgment not revived on real estate at the expiration of five years, but had no effect on the life of the judgment as a debt, or on the right of its owner to have execution against personalty.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1565–1570; Dec. Dig. § 853.*]

6. **JUDGMENT (§ 866*)—LIFE OF JUDGMENT—REVIVAL.**

Act Pa. May 19, 1887 (P. L. 132), provides that execution may issue on any judgment of record, notwithstanding its loss of lien on real estate, without a previous writ of scire facias to revive it, provided execution shall not issue after 20 years, and that at the issue of execution a scire facias shall be issued to revive the judgment, and, in case defendants in such writ shall file an affidavit alleging a just and legal defense, the court may stay the writ of fieri facias by an order preserving the lien. *Held*, that the life of a judgment in Pennsylvania under such act is 20 and not 5 years, during which execution may issue against real estate, and that scire facias may be had to revive a judgment at any time within 20 years after its entry.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1604; Dec. Dig. § 866.*]

7. **JUDGMENT (§ 933*)—FOREIGN JUDGMENT—ACTION—DECLARATION—DEMURRER.**

In an action on a foreign revived judgment, the declaration was not demurrable because the defendant was not a resident of the state in which the judgment was revived, and therefore the court acquired no jurisdiction as against her to revive the judgment, where her nonresidence did not appear in the record.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1763; Dec. Dig. § 933.*]

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Wheeling.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Inde es

Action by Daniel J. Davis against M. C. Davis, alias Mattie M. Davis, on a judgment. From an order sustaining a demurrer to the declaration (164 Fed. 281), plaintiff brings error. Reversed.

On the 4th day of December,. 1897, a judgment was entered in the court of common pleas (No. 1) of Allegheny county, Pa., in favor of plaintiff in error against defendant in error, upon a confession entered by an attorney for defendant pro hac vice, for the sum of $2,000, with interest thereon from July 19, 1897, costs of suit, and an attorney's fee of 5 per cent., as provided in the judgment note sued upon, with waiver of inquisition, and voluntary condemnation and agreement to sale of any and all property levied on under execution, and waiver of exemption laws. Upon this judgment an execution was issued on December 4, 1897, and levied upon certain goods, which yielded the costs of suit (amounting to $161.75) and $383.40 upon the debt, after payment of certain preferred claims for rent, wages, etc. No further executions were issued upon this judgment, and on October 17, 1906, a scire facias to revive and continue the lien of said judgment was issued to first Monday of November, 1906, upon which the sheriff made return of "nihil habet." Thereupon, on the 13th day of November, 1906, an alias sci. fa. was issued to first Monday of December, 1906, upon which a similar return of "nihil habet" was made by the sheriff, and upon such two successive returns of "nihil habet" judgment was entered upon the affidavit of the plaintiff for the sum of $2,664.85, on the 26th day of December, 1906.

On February 28, 1907, a summons in debt was sued out of the clerk's office of the Circuit Court of the United States for the Northern District of West Virginia, returnable at March rules, at Wheeling, and was duly served on the defendant and returned on March 2, 1907, and at said rules the plaintiff in error filed in the clerk's office of said court his declaration in debt, reciting the recovery of the said last-mentioned judgment, and filed with his said declaration a bill of particulars, which included a complete exemplification of the record in the Pennsylvania court, from which the facts hereinbefore set forth appear. The declaration recites that the plaintiff is a citizen and resident of the state of Pennsylvania, and that defendant is a citizen of the state of West Virginia and an inhabitant of the Northern district thereof, thus showing the necessary diversity of citizenship to confer jurisdiction, as well as that the amount involved is sufficient for the cognizance of the United States court. At March rules, 1907, a special appearance was entered by the defendant for the sole purpose of moving to set aside and quash the return of service and the writ, which motion was overruled by the court. On September 17, 1907, the defendant craved oyer of the record of the judgment of the court of common pleas No. 1 of Allegheny county, Pa., mentioned in the declaration, and, the same being read to her in open court, demurred to the declaration, and the plaintiff joined issue in demurrer. On October 15, 1907, the court, by order, for reasons set forth in an opinion filed therewith and made a part of the record, sustained said demurrer, and, the plaintiff not desiring to amend his declaration, judgment was entered in favor of the defendant, to which the plaintiff sued out this writ of error.

S. L. Reed (T. M. Garvin and D. A. McKee, on the brief), for plaintiff in error.

Charles Powell, for defendant in error.

Before PRITCHARD, Circuit Judge, and KELLER and McDOWELL, District Judges.

KELLER, District Judge (after stating the facts as above). The plaintiff in error assigns as error the action of the court in sustaining the demurrer to the declaration and rendering judgment in favor of the defendant in error, and in refusing to render judgment in favor of plaintiff for the amount of the judgment entered by the court of common pleas No. 1 of Allegheny county, Pa.

Upon another state of the record it might be. necessary for us to discuss some questions which, by reason of the fact that the opinion of the court below is made a part of the record, are rendered unnecessary. From that opinion, copied in full in the record, it appears that the learned trial judge, while emphasizing the doctrine announced in Thompson v. Whiteman, 18 Wall. 457, 21 L. Ed. 897, to the effect that neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, nor the act of Congress passed in pursuance thereof, prevent an inquiry into the jurisdiction of the court of another state by which a judgment offered in evidence was rendered, held that there is nothing in the record to show that the Pennsylvania court did not have jurisdiction over the person of the defendant at the time the original judgment was pronounced, and concludes that said original judgment was a valid one. The court further held that although, under West Virginia law (Code 1906, § 3812, c. 124, § 10), "no judgment shall be rendered on a scire facias, or in any other case, on returns of nihil," in Pennsylvania, by reason of the act of July 9, 1901 (P. L. 615), of the Legislature of Pennsylvania providing that "two returns of nihil habet shall be equivalent to personal service, in writs of scire facias to revive judgments entered in personal actions," two returns of "nihil habet" would be good as service upon a scire facias to revive a judgment, if said writ were sued out within five years after the rendition of the judgment.

The court below based its judgment sustaining the demurrer upon the theory that, under the laws of Pennsylvania, "the life of a judgment is five years from the date of its rendition," and that, consequently, no scire facias can be sued out to revive a judgment after the lapse of five years, because the judgment is then "dead." This, therefore, is the only question really before us upon the present record, and we will proceed to examine the origin of the scire facias to revive or continue the lien of a judgment, and also the laws and some of the decisions of Pennsylvania touching this question.

In Foster, Sci. Fa. 2, it is said that scire facias post annum et diem (after a year and a day) lay at common law in real actions and on a writ of annuity, where the plaintiff did not sue out execution on his judgment within a year and a day. In personal actions, prior to the statute of Westminster II (13 Edw. I, c. 45), if the plaintiff did not have execution within a year and a day, he was put to a new action upon his judgment. This statute, however, extended the remedy by scire facias to personal actions, and its provisions have been re-enacted generally in the United States, though the new acts have generally extended the time within which execution may issue without revival by scire facias.

Treating of the methods of executing judgments, Blackstone says (book 3, p. 421):

"But all these writs of execution must be sued out within a year and a day after the judgment is entered; otherwise the court concludes prima facie that the judgment is satisfied and extinct. Yet, however, it will grant a writ of scire facias in pursuance of St. Westm. II, 13 Edw. I, c. 45, for the defendant to show cause why the judgment should not be revived, and execution had against him, to which the defendant may plead such matter as he has to al-

lege in order to show why process of execution should not be issued: or the plaintiff may still bring an action of debt founded on his dormant judgment, which was the only method of revival allowed by the common law."

It will thus be seen that the Statute of Westminster II served to extend to personal actions the remedy by scire facias to revive a dormant judgment, which theretofore existed at common law only as respected real actions and writs of annuity. It will be observed from the quotation from Blackstone that the judgment, in default of execution within a year and a day, did not become "dead," but merely dormant. It still subsisted as a debt, and could still be the foundation of a new action of debt, or, at the election of the plaintiff, be revived by scire facias, so as to again become a lien upon which execution might issue. And the writ of scire facias to revive a judgment was not a new action, but a continuation of the old one. Eldred v. Hazlett, 38 Pa. 16.

The court below based its decision upon its view of the effect of the act of March 26, 1827 (P. L. 129), now replaced by that of June 1, 1887; but as that act merely has reference to the lien of judgments upon the real estate of defendants, and has no reference to either its life as a debt, or the right of its owner to an execution against personalty, it becomes evident that the court must have misconceived its purpose and effect. We here quote so much of the act of June 1, 1887 (P. L. 289), as suffices to show its purpose and effect:

"All judgments entered in any court of record in this commonwealth, or revived in the manner prescribed by this act or the act to which this is a supplement, shall continue a lien on the real estate of the defendant for the term of five years from the date of entry or revival, and no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived unless revived within that period by agreement of the parties and terre tenants filed in writing and entered on the proper docket, or a writ of scire facias to revive the same be sued out within said period, according to the provisions of the act to which this is a supplement,"·etc.

The case of Miller v. Miller, 147 Pa. 545, 548, 23 Atl. 841, shows that the effect of this act was merely to allow the lien upon real estate to lapse if the judgment was not revived within five years, but not to render the judgment dead, and that it is only as to its lien upon real estate that the judgment is affected. In that case it was said:

"Under the act of May 19, 1887 (P. L. 132), real estate cannot be taken in execution under a judgment more than five years old prior to revival of such judgment."

The act of May 19, 1887, referred to in this decision, is as follows:

"From and after the passage of this act, execution may issue upon any judgment of record in any of the courts of this commonwealth, notwithstanding such judgment may have lost its lien upon real estate without a previous writ of scire facias to revive the same: Provided, however, that such execution shall not issue after the lapse of twenty years from the maturity of the judgment. And provided, further, that at the same time execution is issued a scire facias shall be issued to revive the judgment upon which said execution is issued, and in case the defendant or defendants in said writs file an affidavit alleging a just and legal defense against the revival of said judgment, it shall be lawful for the court, or a judge thereof in vacation, to stay

the writ of fieri facias by an order preserving a lien thereof, and to order the scire facias on the head of the list for trial at the next term for the trial of civil cases."

The Miller Case shows that the act just quoted is not applicable to executions against real estate; but it, and the act itself, both show that the life of a judgment in Pennsylvania is 20 years, and that scire facias may be had to revive a judgment at any time within 20 years after its entry.

The defendant in error in her brief seeks to sustain the judgment of the court below upon the demurrer by the assertion that on December 26, 1906, when the judgment entered in 1897 was revived, M. C. Davis, alias Mattie M. Davis, was not a resident of Pennsylvania, and had not been such for several years. Such fact may be material upon the merits, especially in view of the fact that, unlike the practice in England and in most of the other states of the Union, the judgment upon scire facias in Pennsylvania is a judgment quod recuperet, and it is only by reason of that fact that the jurisdictional amount for suit in the United States courts is made out. But it is sufficient for the present purpose to say that no such fact appears in the record, and hence that there is no parallel between the case at bar and such cases as Hepler v. Davis, 32 Neb. 556, 49 N. W. 458, 13 L. R. A. 565, 29 Am. St. Rep. 457, and Owens v. McCloskey, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837, cited by defendant in error in her brief. In each of those cases the defense was based on the fact that at the date of the revival of the original judgment the defendant was not a resident of the state in which the judgment was revived, and that, considered as a new action, it had no binding force for want of personal service of process or voluntary appearance, and, viewed as a continuation of the original action, its only effect was to revive the local lien, and could not be availed of as removing the statutory limitation of the lex fori, which limitation period had elapsed in both of these cases since the rendition of the original judgments before suit brought thereon.

Such defense could not arise by way of demurrer in the absence of a showing in the record that the defendant was not a resident of Pennsylvania when the judgment against her was revived. If she was such resident, she was certainly subject to the laws of the state of Pennsylvania in respect to the character of process necessary to proceedings by way of scire facias to revive personal judgments. If she was not, such defense must be raised by an appropriate pleading in that behalf.

It results that the judgment of the court below must be reversed, with costs.

Reversed.