## O'Connor to use *v.* Flick, Appellant.

*Trust and trustees—Personal property—Form of declaration—Intention.*

1. The owner of personal property may impose upon it a valid trust, either by an explicit assertion or by a transfer of the legal title of the property to a third party upon certain specific trusts.

2. No fixed form of declaration is required to create a trust, but sufficient facts must be averred to show the intention was plainly manifest.

*Judgment—Sci. fa. to revive—Defenses.*

3. On a scire facias to revive a revived judgment, the only defenses available are matters arising since its entry.

Argued April 19, 1922. Appeal, No. 378, Jan. T., 1922, by defendant, from order of C. P. Blair Co., March T., 1922, No. 30, making absolute rule for judgment for want of sufficient affidavit of defense in case of John O'Connor, now to use of Mary O'Connor and Caelie O'Connor, v. E. H. Flick. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Sci. fa. to revive judgment. Before BALDRIGE, P. J.

Rule for judgment for want of sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting it.

*E. H. Flick,* with him *W. I. Woodcock* and *Thos. H. Greevy,* for appellant.

*A. D. Wilkin,* with him *Hays W. Culp,* for appellees.

PER CURIAM, June 24, 1922:

This case was before us on two previous occasions, first, on an appeal from the refusal of the lower court to

satisfy the judgment entered by plaintiff against defendant (265 Pa. 49) and, again, on an appeal from an order of the lower court refusing to open the judgment (271 Pa. 249). In each instance we affirmed the conclusion reached by the lower court. Now we have the third appeal.

In our opinion on the second appeal the questions there presented were fully considered and we reached the conclusion that the money provided by John O'Connor was a loan and not an advancement to his daughter, the wife of appellant, and, further, that the judgment against appellant was an absolute one. We, however, went further and said (page 253): "There is nothing in the law to prevent John O'Connor from making a gift of this judgment, revived in 1903, to defendant or his daughter..... If this was a gift, though of a judgment not in the physical possession of the donor, and this was communicated to the Flicks, the foregoing evidence may become important; possibly the original transaction may be inquired into to show the exact relation between O'Connor, his daughter, and his son-in-law. Here, too, the clause in the will relating to Flick's debts may figure. All this may have to be developed later; it could not be in the present proceeding." Following the return of the record to the lower court, defendant, by leave of court, filed a supplemental affidavit of defense and from an order making absolute a rule for judgment, this appeal followed. An examination of the allegations in the new affidavit of defense fails to disclose reference to the effect that a gift of the judgment in dispute was made to either defendant or his wife subsequent to its revival. It does, however, aver that the money furnished by decedent was an advancement and that the judgment was given for its protection. As to this averment we have already said the money was not an advancement (271 Pa. 253).

As to the further averment that the judgment was not an asset of John O'Connor's estate, but held in trust for Annie O'Connor Flick, the court below very properly

disposed of that question as follows: "The owner of the personal property may impose upon it a valid trust, either by an explicit assertion or by a transfer of the legal title of the property to a third party upon certain specific trusts. Dickerson's App., 115 Pa. 198. No fixed form of declaration is required to create a trust, but sufficient facts must be averred to show that the intention was plainly manifested: Smith's Est., 144 Pa. 428. Here we have but an expression of a conclusion without any averment of the essential requisites to support a trust." Further, the affidavit of defense fails to set out sufficient averments to support the contention that plaintiffs are attempting to use the judgment for a purpose not intended, nor does it set out actions or expressions indicating the desire of the parties to change their original relation of debtor and creditor. This being a sci. fa. to revive a revived judgment, the only defense available are matters arising since its entry: Lauer for use v. Ketner, 162 Pa. 265. The order of the court below holding the affidavit of defense insufficient must be affirmed.

Judgment affirmed.