Sanner et al. *v.* Unique Lodge No. 3 Knights of
Pythias of Rockwood.

Argued March 20, 1944.  Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

524

*Clarence L. Shaver,* with him *Daryle R. Heckman,* of *Shaver & Heckman,* for appellant.

*Charles F. Uhl,* with him *Charles H. Ealy* and *Simon K. Uhl,* of *Uhl, Ealy & Uhl,* for appellees.

OPINION BY MR. JUSTICE LINN, May 25, 1944:

The facts are stated at length in the opinion of the Superior Court from which this appeal comes: 152 Pa. Superior Ct. 639, 33 A. 2d 518. The question for review was raised on the distribution of the proceeds of a sheriff's sale of land on a fi. fa. on a judgment against Unique Lodge No. 3, Knights of Pythias. The answer depends on the meaning of the Act of May 29, 1931, P. L. 280, section 9, as amended, 72 PS section 5971 (i), regulating the right to redeem land sold for taxes.

Section 9 provides that "Any real estate sold under this act may be redeemed by the owner, . . . or by any lien creditor, . . . or by anyone interested in said real estate for the benefit of the owner thereof, at any time within two years after such sale, by the payment to the county treasurer of the full amount which the purchaser paid to said treasurer for the taxes, interest, and costs, and fifteen per centum of the amount of tax in addition thereto . . ."

On August 20, 1934, the county treasurer sold the lodge's land for taxes, delinquent prior to 1932, to M. Elizabeth Dull for $645.79. The auditor stated that "On August 18, 1936, S. H. Shelley, a member of the Lodge,

paid to the County Treasurer the sum of $742.66, being the redemption money, including 15% due the purchaser, and a receipt was issued to him by the County Treasurer, reading, 'Received from Unique Lodge No. 3 K. of P. Lodge Trustees (S. H. Shelley) Owner . . . Redemption money on sale . . . one lot, one lot No. 75 . . . Rockwood Boro.' At the same time, the County Treasurer issued an itemized statement of unpaid taxes for 1932 to 1935, inclusive, in the total amount of $971.81, and in addition to the redemption receipt marked $229.15 of the taxes 'Payment made by S. H. Shelley'. On August 18, 1936, J. C. Lowry, Esq., Attorney for S. H. Shelley, filed in the office of the prothonotary, to No. 505 September Term, 1936, the two receipts referred to and directed the prothonotary to enter a judgment against the Lodge and in favor of S. H. Shelley, 'as a party in interest,' for $971.81.

"11. On May 2, 1941, the sheriff sold the real estate of the Lodge to Albert R. Sanner and Adelaide Sanner for $2900, distributing $279.85 to costs, $405.04 to the County Treasurer for taxes for the years 1937, 1938 and 1939, and $110.67 to R. S. Kimmell, Tax Collector for Rockwood Borough, for the year 1940, leaving a balance for present distribution in the hands of the sheriff of $2104.44."

The auditor awarded the balance (less costs and tax liens for 1937 and 1938) $1,741.54, to appellees on their judgment and rejected the appellant's claim of $971.81, the amount of his check given in payment of the sum due for redemption and also a part of sum due for subsequently accrued taxes. The conclusion of the auditor was affirmed.

By her purchase from the treasurer, M. Elizabeth Dull obtained an inchoate title that would become absolute if the land were not redeemed in two years. The owner, the lodge, not Shelley, redeemed; this appears on the face of the record presented by him to the auditor as proof of his claim. The county treasurer certified that

the redemption money was received from "K. of P. Lodge Trustees (S. H. Shelley) Owner . . ." The fact that appellant's check was used is not sufficient to support a finding that he was redeeming; he may have been indebted to the lodge and paid his debt by advancing the money, or the lodge may have borrowed from him for the purpose of redemption; there is nothing to show that his membership in the lodge was relevant.

Section 9 provided: "When any real estate is so sold, no lien whatsoever against such real estate shall be deemed to be discharged during the period for redemption; but if such real estate is not redeemed, then all liens against the same, except such liens as are hereinbefore specifically saved, shall be deemed to be discharged from the date that the right of redemption expired." As the property was redeemed by the owner, the tax sale discharged no lien during the period in which the purchaser, M. Elizabeth Dull, held the inchoate title.

Appellant had a judgment against the lodge, the lien of which against the land would have expired November 17, 1929, if not revived. On November 16, 1929, he issued a sci. fa. to continue the lien for five years but failed to take judgment on it. His judgment therefore ceased to be a lien on the real estate on November 17, 1934: Act of June 1, 1887, P. L. 289, 12 PS section 868.* The effect of his failure to continue his lien against the land was to make it necessary to revive the lien if thereafter he wished to take the land in execution on his judgment: *Miller v. Miller (1)*, 147 Pa. 545, 23 A. 841. Having no lien on the land on August 18, 1936, the date of redemption, the fact that his judgment would give him a position superior to that of unsecured creditors in a distribution proceeding (compare *First National Bk. & Tr. Co. v. Miller*, 322 Pa. 473, 475, 186 A. 87) does not make him a lien creditor within the meaning of the tax redemption

---

* This Act has been repealed by the Act of May 28, 1943, P. L. 774, section 1, 12 PS section 864.1.

statute. He was therefore not qualified to redeem as a lien creditor.

Appellee's lien on the land was not disturbed by the owner's redemption and was entitled in distribution, as the auditor held.

Mr. Justice HORACE STERN concurs in the judgment only insofar as it rests on the finding that the redemption was by the Lodge as owner and not by Shelley in his own right.

Judgment affirmed.