Cusano, Admrx., et al., Appellants, *v.*
Rubolino et al.

Argued Sept. 26, 1944. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

42

*Waldo P. Breeden,* with him *David B. Tobe,* for appellants.

*Robbin B. Wolf,* with him *W. I. King* and *George A. Dawson,* for appellees.

OPINION BY MR. JUSTICE DREW, November 27, 1944:

At the instance of plaintiffs, Ida Cusano, Administratrix of the Estate of Patsy Cusano, deceased, John Cianfaglione and Ralph Cianfaglione, a writ of scire facias was issued to revive a judgment held by them against defendants, Frank Rubolino and Angelina Rubolino, his wife. Edgar F. Aiello was named terretenant, and three pieces of real estate situate in Allegheny County (two in Stowe Township and one in McKees Rocks Borough) were specified as the property of which he was alleged to be terre-tenant. Following the sustaining of questions of law raised by the affidavits of defense filed by defendants and terre-tenant and the dismissal later of those raised by them to plaintiffs' amended statement, defendants and terre-tenant filed a joint affidavit of defense to the merits. Plaintiffs then filed a replication, and also ruled for judgment for want of a sufficient affidavit of defense. Defendants and terre-

tenant entered a rule to strike off the replication. After argument, the learned court below, being of the opinion that the defense raised by defendants was sufficient and that no affidavit of defense was required to be filed by terre-tenant, entered an order discharging the rule for judgment; and at the same time made absolute the rule to strike off the replication, because it was of the opinion that such a pleading was not proper under these circumstances. Plaintiffs then took this appeal.

The following averments of fact appear in plaintiffs' amended statement: The judgment which plaintiffs seek to revive was entered against defendants on a verdict obtained in the sum of $7,310.01, in the Court of Common Pleas of Allegheny County, at No. 2663, October Term, 1930, and that the sum, together with interest and certain costs, is still due and owing by defendants to plaintiffs. It is further averred that sometime prior to the entry of this judgment, defendants acquired title to the two pieces of real estate in Stowe Township, specified as part of the property of which Aiello is alleged to be terre-tenant; that real estate was then subject to a first mortgage; and the mortgagee had foreclosed and pur-. chased this property herself at sheriff's sale. On May 14, 1935, some four months before the judgment was entered on the verdict in August, 1935, these two pieces of property were conveyed by the mortgagee-purchaser to defendants' son, James; and by deed dated October 16, 1940, James and his wife conveyed the real estate to Michael, another son of defendants. The judgment here in question was satisfied by plaintiffs on February 18, 1942. On May 5, 1942, Michael granted and conveyed to his mother, one of defendants, not only the two pieces of real estate in Stowe Township, but also the piece in McKees Rocks Borough which he had acquired. Plaintiffs obtained a rule to strike off the satisfaction of the judgment on October 16, 1942, on the ground that it had been fraudulently obtained; and on the same day defendants conveyed all three tracts of land to Aiello, the

terre-tenant. On December 31, 1942, the court below ordered the satisfaction of the judgment stricken off. Plaintiffs further aver in their amended statement that both sons when they held title to the property did so as undisclosed trustees for defendants, without any interest in themselves; and also that these various transfers of the three pieces of real estate, which it is claimed are subject to the lien of the judgment, were fraudulent and made for the sole purpose of evading and avoiding payment of the judgment. It readily appears from a careful reading of these averments contained in the amended statement that plaintiffs have set forth a good cause of action for the revival of their judgment against defendants personally and also against the real estate now in the hands of the terre-tenant.

The joint affidavit of defense filed by defendants and terre-tenant, on the other hand, denies that any of the conveyances of the real estate were fraudulent, and that the judgment which plaintiffs are here attempting to revive was at any time a lien on the property in question. No defense can be set up under the circumstances here presented except that which had arisen since the entry of the judgment: *Lauer v. Ketner,* 162 Pa. 265, 29 A. 908; *O'Connor v. Flick,* 274 Pa. 521, 118 A. 431. Here there is no denial whatever of the existence of the judgment nor any allegation that it has been paid or discharged. That is the only defense which can be set up in this proceeding: *Trader v. Lawrence,* 182 Pa. 233, 37 A. 812; *Shelinski v. Obrekes,* 97 Pa. Superior Ct. 340; *Miller Bros. v. Jas. Keenan,* 90 Pa. Superior Ct. 470. While it is true that a judgment, as far as defendant is concerned, continues beyond the five year limitation, (although its lien does not, unless revived within that period: *Miller v. Miller (1),* 147 Pa. 545, 23 A. 841; *Sanner v. Knights of Pythias,* 349 Pa. 523, 37 A. 2d 576), yet if plaintiff deems it advisable to revive his judgment against defendant, he may do so, and the fact that the judgment is or is not a lien against any real property is not a legal

defense to such revival. The judgment's revival against defendant alone, neither continues nor preserves the lien of the judgment against the land of the terre-tenant: *First Nat. B. & T. Co. v. Miller,* 322 Pa. 473, 186 A. 87. Therefore, it is clear that the court below erred in not entering judgment against defendants for want of a sufficient affidavit of defense.

It must be borne in mind that a writ of scire facias is not an original writ, but is a process merely to continue or revive the lien of a judgment obtained in an original action: Bushong on Pennsylvania Land Law, Vol. 1, §236, p. 212. Therefore, a different situation arises as to the terre-tenant from that of the original defendant. A judgment obtained against a terre-tenant is not against him personally. It is merely against the specific real estate owned or held by him as terre-tenant. Under such circumstances, therefore, his only concern is whether he owns real estate upon which the judgment sought to be revived is a lien. It is well settled that he is concluded by his failure to answer the scire facias: *Fox v. Henry,* 318 Pa. 241, 178 A. 491. If he does not appear and defend, his property shall continue to be bound by the judgment: *Colborn v. Trimpey,* 36 Pa. 463. The terre-tenant may defend on the ground that the judgment debtor had parted with title to the real estate before the entry of the judgment, or that the lien has been extinguished by a satisfaction, release or want of revival, or that the judgment was never a lien against the property: *Colwell v. Easley,* 83 Pa. 31. Judgment may be entered against terre-tenant, as against defendant, for want of a sufficient affidavit of defense: *Hiestand v. Williamson,* 128 Pa. 122, 18 A. 427; *Porter v. Hitchcock,* 98 Pa. 625; Trickett on the Law of Liens in Pennsylvania, Vol. 3, p. 305.

The defense here raised by the affidavit of defense that the various transfers of title to the property were made in good faith and that the judgment never at any time was a lien against the real estate is clearly sufficient

to prevent the entry of judgment against the terre-tenant, Aiello. Upon the trial plaintiffs may possibly succeed in reviving their judgment against terre-tenant, but we are all of opinion that the learned court below properly refused to enter judgment against him in the present state of the record.

We need not here decide whether a replication is a proper pleading in a scire facias proceeding, for we are convinced that under the circumstances here presented the court below committed no error in striking off the replication filed by plaintiffs. No allegations of fact, raising any new matter, were averred in the joint affidavit of defense filed by defendants and terre-tenant. However, set forth at the end of the affidavit are certain questions of law, most of which had been raised previously in a demurrer and had been dismissed by the court below. To have inserted such matters in an affidavit of defense filed to the merits clearly was erroneous. Therefore, not only was it improper for plaintiffs to have attempted to deny allegations of fact contained in the affidavit, other than new matter, by way of a replication, but it was equally improper for them to have attempted to answer in such a pleading questions of law which had no place in the affidavit of defense.

Since this case must be tried as to the issue raised by the terre-tenant, we deem it advisable to call attention to *So. Cent. B. & L. Assn. v. Milani,* 300 Pa. 250, 150 A. 586, where we stated that a scire facias to revive a judgment under these circumstances may be maintained, though of doubtful value. There we said (p. 255) : "On the trial of the scire facias the question of adverse title cannot be set up; this must be tried out in a later ejectment (*Mitchell v. Hamilton,* 8 Pa. 486), by a purchaser at sheriff's sale, of course, for only by a sale under the judgment can one acquire a title adverse to the alleged terre-tenant; and even though the pleadings, the evidence and the charge of the court all show that the issue actually tried was whether or not the alleged terre-tenant's ad-

verse title was fraudulent as against plaintiff, and the verdict and judgment found that it was, nevertheless the alleged terre-tenant is not bound thereby, but may set up his adverse title as a defense in a later action of ejectment: *Helfrich's Appeal*, 15 Pa. 382. The reason given for this is that on the trial under the sci. fa. the alleged terre-tenant should have been 'discharged either by nonsuit or a verdict in his favor; for he is not a terre-tenant': *Colwell v. Easly*, 83 Pa. 31, 34."

The order making absolute the rule to strike off the replication is affirmed; and the order refusing to enter judgment for want of a sufficient affidavit of defense against terre-tenant is affirmed, but as to defendants is reversed, and the record is remitted to the court below with directions to enter judgment according to this opinion.