## Department of Public Assistance v. Osak

*Robert W. Allison,* for plaintiff.
*Charles F. Uhl,* for defendant.

ELLENBOGEN, J., January 29, 1946.—The Department of Public Assistance of the Commonwealth of Pennsylvania confessed a judgment against John Osak and Anna Osak, his wife, defendants herein, in the sum of $2,000 at D. S. B., no. 892, July term, 1940. Thereafter plaintiff filed a præcipe and caused a writ of scire facias to be issued at no. 792, July term, 1946, with notice to the United States of America as terre tenant, to revive said judgment and continue the lien thereof. The writ having been served, the United States, appearing specially, moved to quash the writ and set aside the service thereof as to the United States of America for the following reasons:

1. That condemnation proceeding was duly had in the District Court of the United States for the Western District of Pennsylvania against lot no. 305 in the Duquesne Highland Subdivision No. 1, Duquesne annex plan of lots, and was so proceeded with that judgment was entered in said district court on July 8, 1941, vesting the fee title to said lot in the United States of America. Prior to said condemnation proceeding, the record title of said lot was in John Osak and Anna Osak, his wife, defendants herein.

2. That this court is without jurisdiction to maintain this proceeding against the United States of America on any property owned by it.

No answer was filed to this motion and the averments of fact contained therein must therefore be taken as having been admitted by plaintiff.

A writ of scire facias is not an original writ but is a process merely to continue or revive the lien of a judgment obtained in an original action: Cusano et al. v. Rubolino et al., 351 Pa. 41. If a terre tenant does not appear and present a lawful defense, judgment is entered against him: Cancilla v. Bondy et al., 353 Pa. 249. While the judgment entered on the scire facias is not a judgment against the terre tenant personally, it continues the lien against the property owned by him: Colborn v. Trimpey, 36 Pa. 463; Cusano v. Rubolino, supra. Thus, if the United States does not appear and present a lawful defense in this case, judgment will be entered against it which will continue the lien of the judgment in favor of plaintiff, entered at D. S. B., no. 892, July term, 1940, against said lot no. 305, which was condemned by the United States and is now owned by it.

It was held in Maricopa County et al. v. Valley National Bank of Phoenix, 318 U. S. 357, 362 (1943), citing with approval United States v. Alabama, 313 U. S. 274, 282, that a "proceeding against property in

which the United States has an interest is a suit against the United States". Certainly, a proceeding in which it is sought to revive or continue a lien against property owned by the United States is a proceeding against the United States. The United States is a sovereign Nation which cannot be sued in any court, State or Federal, without its consent. It does not require the citation of authorities to sustain the proposition that it cannot be made a party defendant in a State court without express congressional authority: Minnesota v. United States, 305 U. S. 382 (1939); United States v. Sherwood, 312 U. S. 584, 586 (1941), where it said:

"The United States, as sovereign, is immune from suit save as it consents to be sued, United States v. Thompson, 98 U. S. 486; United States v. Lee, 106 U. S. 196; Kansas v. United States, 204 U. S. 331; Minnesota v. United States, 305 U. S. 382, 387; Keifer & Keifer v. Reconstruction Finance Corp., 306 U. S. 381, 388; United States v. Shaw, 309 U. S. 495 (see cases cited in The Pesaro, 277 F. 473, 474, et seq.), and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

In a condemnation proceeding the bond or fund takes the place of the land and plaintiff is entitled to be compensated out of it but its remedy is in Federal court or in the Congress of the United States and not in a State court. A State court does not have the power to summon the Federal Government to appear before it as a party defendant and submit itself to its orders and decrees. The cases cited by plaintiff are inapposite. The motion of the Government will be granted.

### Order

And now, to wit, January 30, 1946, the motion ex parte the United States of America, terre tenant, is granted. The writ of scire facias issued at the above

number and term sur judgment at D. S. B., no. 892, July term, 1940, is quashed as to the United States of America, terre tenant, and the service thereof is set aside as to the United States of America.