First National Bank of South Fork, etc., v.
Plummer et al.

*Graham, Yost, Meyers & Graham*, for plaintiff.
*Edward J. Harkins*, for defendant.

GRIFFITH, J., February 18, 1946.—Plaintiff moved for judgment for want of sufficient answers to a writ of scire facias to revive and continue the lien of a judgment. The judgment was originally entered in the sum of $1,000 in 1925, and was twice revived by amicable scire facias in 1930 and 1935. One of the defendants, Joseph W. Plummer, Sr., died in 1940, and the suggestion of his death shows that James T. Plummer is his executor and that Margretta Plummer is the devisee of his real estate. The record further shows that the First National Bank of South Fork assigned the judgment to Margaret Plummer, administratrix of the estate of Charles B. Plummer (another of the defendants now deceased), and that she assigned the judgment to Frank E. Plummer, the present use-plaintiff.

The answers admit that Charles B. Plummer and Joseph W. Plummer, Sr., were accommodation makers for Joseph W. Plummer, Jr., and that the estate of Charles B. Plummer paid legal plaintiff, First National Bank of South Fork, in full. The answers further aver that the Orphans' Court of Cambria County had no legal right to direct the administratrix of the estate of Charles B. Plummer to assign said judgment to Frank E. Plummer, use-plaintiff; and also, that First National Bank of South Fork should have assigned but a one half interest in the judgment to Charles B. Plummer's estate because its decedent was an accommodation party.

In our opinion the answers are insufficient as a matter of law to prevent the entry of judgment. They admit that one of the two co-sureties paid the judgment in full. The one who paid is obviously entitled to an assignment of the judgment, with the right to collect the full amount against the principal debtor and one half of the amount against his co-surety. The estate of Charles B. Plummer was, therefore, clearly entitled to an assignment of the judgment from the First National Bank of South Fork for the purpose of collecting either the whole amount from Joseph W. Plummer, Jr., the principal debtor, or one half of the amount paid, together with interest from the date of payment, against the co-surety, Joseph W. Plummer, Sr., or his estate.

Legal plaintiff having a clear right of action, defendants are not concerned with the manner in which use plaintiff acquired title to the judgment since it is not averred in the answers that present use-plaintiff does not have the right to give defendants a complete acquittance upon payment which would bind legal plaintiff and prevent the debt from being twice collected. Execution against the estate of Joseph W. Plummer, Sr., however, will be controlled by the court

to prevent recovery against that estate of more than one half of the amount of the judgment, with interest.

While it is true that the statutes for practice in actions of assumpsit and trespass do not apply in scire facias proceedings sur judgment: 6 Standard Pa. Practice 879, §519; yet "As a scire facias serves the purpose both of the complaint and petition and of process, the defendant, if he desires to avoid judgment against him, *must make some answer or response to the writ.* Failing to do this, its averments may be taken as confessed, and judgment entered thereon" (Italics supplied) : 24 R. C. L. 680, sec. 21; 11 Standard Pa. Practice 320, §34. The statutes concerned also require that sufficient answer be filed in a scire facias proceeding in order to prevent judgment. The Act of May 28, 1943, P. L. 774, 12 PS §864.2, provides that in actions of scire facias after service,

"The court from which the said writ may have issued, or its prothonotary, shall . . . direct or order the revival of any such judgment during another period of five years against the real estate bound by the judgment, *unless sufficient cause is shown to prevent the same.*" (Italics supplied).

The phrase italicized was also used in the prior Act of April 4, 1798, 3 Sm. L. 331, 12 PS §869, which act was repealed by the Act of 1943.

Defendants contend that neither the personal representative nor an heir of a decedent, defendant in a judgment, is required to file an affidavit of defense to a scire facias and that judgment for want of a sufficient affidavit of defense may not be entered against them when they file an insufficient affidavit since they were required to file none. Similarly, it was thought that a terre-tenant need not file an affidavit of defense to a scire facias: 6 Standard Pa. Practice 888, §538. But the Supreme Court of Pennsylvania, in Cusano et al. v. Rubolino et al., 351 Pa. 41, 45, said: "Judg-

ment may be entered against terre-tenant, as against defendant, for want of a sufficient affidavit of defense: . . ."

The question as to whether or not a personal representative or an heir is required to file an affidavit of defense to a scire facias under penalty of judgment need not be determined here for, in this case, whether it was required or not, defendants filed an affidavit of defense. It is contended that one who need not file such affidavit of defense is not liable to have judgment taken against him for filing an insufficient one. Several lower court cases cited in 6 Standard Pa. Practice §888, are relied upon as authority for this contention. That this is not the rule is apparent by reference to John Deere Plow Co. v. Hershey et al., 287 Pa. 92, 98, where the court said:

"Again, appellants contend that the shortcomings of their affidavit of defense cannot be used against them because, as fiduciaries, they were not required to file any such affidavit at all; but this relief is in the nature of a personal exemption which may be waived, and, since, instead of standing on their privilege, appellants saw fit to file an affidavit, therein planting their case on an issue of law, the contention under consideration is beside the mark."

If judgment were not entered for plaintiff on his motion in this case and it were permitted to proceed to trial and defendants sought to introduce in evidence testimony concerning the matters averred in the affidavit of defense, the court would be compelled to exclude such testimony. We cannot see, therefore, that there is any necessity of holding a hearing for the purpose of taking testimony if, at such a hearing, defendants, by reason of the facts admitted by the pleadings, would be unable to introduce evidence sufficient to prevent judgment: Hershey et al. v. The Brotherhood's Relief etc., Fund et al., 34 Dauph. 13.

We, therefore, enter the following

*Decree*

And now, February 18, 1946, after argument and upon due consideration, plaintiff's motion for judgment for want of sufficient answers is allowed, and it is directed that judgment be entered against James T. Plummer, executor of the last will and testament of Joseph W. Plummer, Sr. and Margretta Plummer, devisee under said will, as well as against Joseph W. Plummer, Jr., in the sum of $1,093.35, together with interest thereon from July 13, 1937; execution against the estate of Joseph W. Plummer, Sr., however, is to be limited to one half of the above sum, with interest from said date.