## Atlantic Richfield Company v. Lane

*Donald B. Hoyt*, for plaintiff.
*Kenneth A. Wise*, for defendants.

BLAKEY, *J.*, March 10, 1975—This matter is before the court en banc on plaintiff's motion for judgment for want of sufficient defense. The defense at issue is stated in defendants' answer to plaintiff's praecipe to revive the lien of a judgment. Said judgment was confessed by plaintiff and entered by the prothonotary on January 31, 1969. The praecipe for writ of revival was issued September 26, 1974.

Defendants appear to agree that their answer would not be sufficient under the law of this Commonwealth aside from possible implications of Swarb v. Lennox, 405 U.S. 191 (1972). The only defenses generally available in a revival action are that the judgment did not exist, that the judgment has been satisfied, or that the judgment has been otherwise discharged: Cusano v. Rubolino, 351 Pa. 41 (1974). Defendants did not raise any of these issues but to the contrary, in paragraph 2 of their answer, acknowledge the judgment.

However, defendants contend that these principles were modified by the Swarb decision. They aver that they are in the class protected by said decision so that a judgment could not now be obtained against them by confession, and contend that it follows that this court cannot authorize the revival of the judgment confessed in 1969.

The obvious problem with defendants' position is that Swarb is not retroactive. The case held that no judgment by confession could be entered as to members of a specified class after November 1, 1970, unless the creditor could show a knowing and voluntary waiver of the right to defend. The decision did not effect the validity of this judgment obtained by confession in 1969.

We cannot follow defendants' contention that this judgment should nevertheless be treated differently from other judgments of equal validity. If plaintiff obtained three judgments in 1969, one by confession, one upon default following the service of a complaint, and the third after a verdict in its favor, defendants would have this court authorize the revival of the second and third, but not the first. It appears that defendants misconstrue the effect of the lapse of the lien of the judgment after the period

of five years as provided by the Act of July 3, 1947, P.L. 1234, sec. 4, 12 PS §880. Under the statute and the cases interpreting the same, the debt or obligation between the parties continues. The significance of the loss of lien is limited to the priority of said judgment as opposed to liens of other creditors, the release of property conveyed to third parties and the procedural requirements to realize upon the continuing debt as against the original debtor. Not only did Swarb expressly declare that its holding was prospective only but the policy on which the decision was based—the desire to give each debtor his day in court on the issue of his obligation—does not relate to the problems of lien and execution here involved.

Defendants' final effort to extend the holding of Swarb v. Lennox, is to argue that court action in authorizing the revival is analogous to judicial enforcement of racial conveyants as precluded by Shelley v. Kraemer, 334 U.S. 1 (1948). While we agree that court action constitutes State action so as to bring the 14th amendment to bear, we do not agree that such State action violates due process. This court is not approving a judgment obtained in violation of defendants' constitutional rights but, to the contrary, a judgment whose validity was confirmed by the Swarb decision. The analogy lacks persuasion.

Consequently, we enter the following

## ORDER

And now, March 10, 1975, plaintiff's motion for judgment is granted. We grant defendants an exception.