## Adams's Appeal.

1. Where a judgment note was a provable debt at the time of the debtor's adjudication and discharge as a bankrupt, and judgment was afterwards entered thereon, the court will, on application of the defendant, open the judgment, to enable him to plead his discharge in bankruptcy as a defence to the debt.

.2. Where, in such case, the court refused an application of the defendant to mark the judgment satisfied, and the Supreme Court affirmed the order of the court below, on the ground that the defendant had mistaken his remedy, in asking to have the judgment satisfied instead of opened: *Held*, that, under the circumstances of this case, the defendant was not estopped by laches from subsequently applying to the court below to open the judgment, and that the court erred in refusing such application.

November 22d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

APPEAL from the Court of Common Pleas of *Butler county :* Of July Term 1882, No. 181.

Appeal of E. H. Adams, from a decree of said court discharging a rule to show cause why judgment should not be opened and the defendant be let into a defence.

The following facts appeared from the records : On March 12th 1868, E. H. Adams executed to James L. Mortland a judgment note for $216, with W. D. Renick as surety. On January 8th 1879, judgment was entered on said note by virtue of the warrant contained therein, and execution issued. On April 28th 1879, Adams presented a petition to the court, setting forth that on the 20th of February, 1871, he was discharged as a bankrupt from all debts then provable and existing against him including the judgment note in controversy, and praying the court to grant "a rule to show cause why the said judgment should not be marked *satisfied,* so far as he is concerned, and that all proceedings against him on this judgment be stayed in the meantime."

The court granted a rule to show cause, as prayed for, to which the plaintiff filed an answer, but the defendant's attorney failed to take any testimony in support of the rule, which was accordingly discharged sec. reg. In September 1880, upon affidavit filed by defendant's attorney that his omission to proceed under the said rule was caused by inadvertence and a misapprehension of the state of the record, and not by laches of his client ; and upon presentation of a second petition by said Adams, praying that " the judgment be marked satisfied, or for such other or further relief as to the court may seem proper ;"

the court granted a rule to show cause why the original rule should not be reinstated. After the filing of depositions, and argument, the court, in an opinion filed, discharged this rule, and refused the relief prayed for.

Adams thereupon took a writ of error to the Supreme Court, (Oct. & Nov. T. 1881, No. 34) which court affirmed the ruling of the court below in the following per Curiam opinion, filed November 25th 1881 :—

" The proper remedy of the plaintiff in error was to have moved the court below to open the judgment, upon which there would have been an appeal to this court. It is only where it appears that a judgment has been paid that the court has power, under the Act of 1876, to order it to be marked satisfied. To the plea of discharge under the bankrupt law there might have been many answers. We find no error in the refusal of the court below to grant the defendant's motion.

" Judgment affirmed."

Upon the return of the record to the court below, said Adams, in December 1881, presented another petition, setting out the same facts as before, and praying for a rule "to show cause why the said judgment should not be opened, and he let into a defence." The court granted the rule as prayed for, to which the plaintiff filed an answer; and, after argument, the court discharged the said rule, in the following opinion :

" The opinion of this court, filed at C. P. No. 267, March Term 1879, between these parties on a somewhat similar rule is referred to for the reasons that then prevailed with the court in refusing to re-instate the rule or grant a new one. The inexcusable negligence of the defendant, then, in pursuing his remedy, when court had afforded him his day in court, was one of the grounds upon which the court based their action in refusing to re-instate rules that had been discharged, or grant new ones. The negligence and laches, the great delay of defendant Adams in instituting and pursuing the remedy he now claims, we think still stands in his way, and have even increased force and effect with the court now. In April, 1879, if not prior to that, defendant Adams had knowledge of the entry of the judgment against him, and in the face of all the proceedings had upon the judgment for its collection, a period of some three years is allowed by him to elapse before he presents a petition to court to have the judgment opened and be allowed to defend against its payment on grounds that all this time existed and were known to him. This is surely inexcusable laches and negligence, and that the court may avoid a bad precedent in doing otherwise, the rule must be discharged.     Rule discharged.

" By the Court."

The defendant thereupon took this appeal, assigning for

error the action of the court in discharging the last mentioned rule, to open the judgment and let defendant into a defence.

*Charles McCandless*, for the appellant.

*George R. White* and *T. C. Campbell*, for the appellees.

Mr. Justice STERRETT delivered the opinion of the court, December 11th 1882.

The question in this case is whether, upon the facts disclosed by the record, the judgment against appellant should have been opened for the purpose of enabling him to plead his discharge in bankruptcy as a defence to the debt secured by the bond on which the judgment was confessed in January 1879.

The bond was given by appellant in 1868, two years before he was adjudged bankrupt, for a debt that was clearly provable against his estate; and hence his subsequent discharge, as a bankrupt, in 1871, operated as a release of the debt evidenced by the bond. The Act of Congress expressly provides that a discharge in bankruptcy, subject to certain exceptions therein specified, shall release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy: R. S. sec. 5119. In the absence of proof sufficient to avoid its effect, the certificate of discharge given in evidence by appellant, coupled with the fact that the debt in question was provable against his estate, was quite sufficient to sustain a strictly legal defence to the bond in suit; and it appears to us that no sufficient reason was shown for refusing permission to present that defence in the only way that it could be interposed. In cases like the present, a discharge in bankrupcy is wholly unavailable unless the judgment is opened and the defendant permitted to plead the discharge in bar of the debt which has been merged in the judgment: Wise's Appeal, 39 Leg. Int. 298.

As has already been observed, the judgment against appellant was not confessed until 1879, eight years after his discharge was granted. Shortly thereafter, he sought relief by asking that the judgment, as to himself, be marked satisfied. To the refusal of the court to make the order prayed for, a writ of error was taken to this court; and, in disposing of it, we held that he had mistaken his remedy; that he should have moved the court below to open the judgment and thus permit him to plead his discharge in bankruptcy. He then petitioned the court for such an order as he should have applied for in the first place, but it was refused on the ground—as the court below held—of "inexcusable negligence and laches in instituting and pursuing the remedy he now claims." In this we think there

was error. There was certainly no unreasonable delay in seek-
ing relief. For aught that appears, the first application was
made as soon as appellant ascertained judgment had been con-
fessed by warrant of attorney; but, in that, he mistook his
remedy, as he was afterwards informed by the decision of this
court. He then promptly petitioned for the proper order; and,
in view of all the circumstances, we think it should have been
granted. The delay, which the court below regarded as
inexcusable, was not intentional. It manifestly resulted from a
misconception of the appropriate remedy, and should not be
visited with the consequences which might result from a refusal
to permit the case to be tried on its merits.

A discharge in bankruptcy may be regarded as an easy
mode of cancelling honest obligations, but with that considera-
tion we have nothing to do. If fairly and legally procured,
such a discharge is equivalent to payment of all debts provable
against the bankrupt's estate, and his right to plead it in bar of
the same should not be denied without reasons more cogent than
those presented in this case.

> The order of court discharging the rule to show
> cause why the judgment should not be opened
> and defendant let into a defence, etc., is
> reversed, and the rule is now made absolute.