# Tioga County Savings and Trust Company for use of M. L. Klock v. Gates, Appellant.

*Promissory notes—Judgment note—Defenses—Bankruptcy—Discharge—Subsequent promise to pay—Judgments—Rule to open— Rule to strike off—Practice, C. P.*

1. Where the question whether a promise was made by a bankrupt subsequent to his discharge to pay a debt created prior to the adjudication of bankruptcy, and whether such promise was clear, distinct, unequivocal and without qualification, depends upon the oral testimony of witnesses, the question should be submitted to a jury.

2. A petition for a rule to show cause why a judgment entered on a promissory note by virtue of a warrant of attorney should not be opened and defendant let into a defense, averred that subsequent to the execution of the note defendant was adjudicated a bankrupt and was finally discharged. Plaintiff filed an answer averring that subsequent to the date of his discharge defendant made a new, distinct and unequivocal oral promise to pay the note and thereafter made payments thereon. Defendant's replication denied both the subsequent promise to pay and that payments had been thereafter made on account, and averred that plaintiff's right of action, if any, was on the alleged new promise. *Held,* the lower court erred in dismissing the petition, and the rule was reinstated and made absolute.

3. In such case, where the judgment was regular on its face, the court did not err in refusing to strike it off.

Argued May 1, 1916. Appeal, No. 11, Jan. Term, 1916, by defendant, from order of C. P. Tioga Co., May Term, 1915, No. 208, dismissing rules to strike off judgment and to open judgment and let defendant into a defense, in case of Tioga County Savings and Trust Company, for use of M. L. Klock, v. George H. Gates. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Petitions for rules to show cause why judgment should not be stricken off and judgment opened and defendant let into a defense. Before CAMERON, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed both petitions. Defendant appealed.

*Errors assigned,* among others, were the orders of the court.

*E. L. Dively,* of *Dively & Dively,* with him *Watrous & Marsh,* for appellant.—The discharge in bankruptcy extinguished the debt: Murphy v. Crawford, 114 Pa. 496; Reeside v. Hadden, 12 Pa. 243; Field's Est., 2 Rawle 351; Ott v. Perry, 1 Philadelphia 77; Bolton v. King, 105 Pa. 78.

No paper book was filed for the appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1916:

The defendant, Gates, gave to the Tioga County Savings and Trust Company, the legal plaintiff, his promissory note, dated February 24, 1910, for $2,900, containing a warrant of attorney authorizing a confession of judgment thereon. Sometime in the latter part of the year 1913, the note was assigned to M. L. Klock, the use-plaintiff, who entered judgment thereon in the Court of Common Pleas of Tioga County on March 26, 1915, and testatum writs of fi. fa. were issued and levied on the

property of the defendant in Blair and Center Counties. The defendant presented a petition to the Court of Common Pleas of Tioga County and obtained a rule on the plaintiff to show cause why the judgment should not be opened and the defendant let into a defense. He also moved the court to strike the judgment from the record. The executions and all further proceedings were stayed until the validity of the judgment was determined. The petition set forth the above facts and averred, inter alia, as cause for opening the judgment, that the defendant in July, 1912, had filed a voluntary petition in bankruptcy in the United States District Court for the Middle District of Pennsylvania, that he was duly adjudicated a bankrupt, and on October 30, 1912, was finally discharged from all debts provable and existing on July 17, 1912, that the debt evidenced by the note given to the legal plaintiff was an existing provable debt on that date, that the discharge in bankruptcy had extinguished the debt, and, therefore, the judgment entered by virtue of the warrant of attorney is invalid, illegal, entered without authority in law, and founded upon a debt adjudicated and discharged by the bankruptcy proceedings.

The use-plaintiff filed an answer in which he admits the entry of the judgment and the issuing of the executions, neither affirms nor denies the allegations contained in the petition relating to the proceedings and alleged discharge of the defendant in bankruptcy in the United States Court for the Middle District of Pennsylvania, and craves proof of the statements thereof in the petition. The answer avers that sometime subsequent to the date of the discharge in bankruptcy the defendant made a new, distinct and unequivocal oral promise to the legal plaintiff to pay the note in full with interest, and pursuant to said promise made two payments on the note in 1913, and subsequently the note was assigned to the use-plaintiff.

The defendant filed a replication to the answer denying that since his discharge in bankruptcy he made a

promise to pay the note or made any payments ·on account thereof, and avers as a matter of law that if he made the promise to pay the note, as alleged in the answer, the judgment entered on the note by virtue of the warrant of attorney is without authority of law, illegal and void, as the plaintiff's action, if he has any right of action, must be brought on the new promise. The learned court below heard the case on the pleadings and evidence and discharged the rule to open the judgment. The defendant has taken this appeal.

The defendant laid sufficient grounds in his petition for opening the judgment and giving him an opportunity to plead his discharge in bankruptcy as a defense to the indebtedness secured by the judgment note. It is averred that the note was given in 1910, and that the defendant filed his petition in voluntary bankruptcy in July, 1912, and was discharged in October, 1912, from all debts existing on July 17th of that year. It is also averred that the plaintiff's indebtedness was provable against defendant's estate, and was, therefore, released or discharged. These facts were admitted or established to the satisfaction of the court, and the defendant then had made out a case which required the court to open the judgment and give him an opportunity to plead his discharge: Wise's App., 99 Pa. 193; Adams's App., 101 Pa. 471. The last cited case was an appeal from a decree discharging a rule to show cause why the judgment should not be opened and the defendant permitted to plead his discharge in bankruptcy as a defense to the debt secured by the bond on which the judgment was confessed. In reversing the order of the court discharging the rule, Mr. Justice STERRETT, delivering the opinion, said (p. 473) : "In the absence of proof sufficient to avoid its effect, the certificate of discharge given in evidence by appellant, coupled with the fact that the debt in question was provable against his estate, was quite sufficient to sustain a strictly legal defense to the bond in suit; and it appears to us that no sufficient reason

was shown for refusing permission to present that defense in the only way that it could be interposed. In cases like the present, a discharge in bankruptcy is wholly unavailable unless the judgment is opened and the defendant permitted to plead the discharge in bar of the debt which has been merged in the judgment." Whether the discharge is effective and releases the debt is a question for the court and jury to determine after the judgment has been opened. As said in the opinion of this court in Adams's App., reported in 101 Pa. 471, there may be many answers to the plea of discharge under the bankrupt law. The bankrupt, however, has unquestionably the right to have a judgment opened when it appears, as it does here, that it was entered on a note after a discharge in bankruptcy and the note was given prior thereto and to secure an indebtedness provable and existing at the date of the adjudication. Whether the plea that the debt was released by reason of the discharge can avail the defendant, and whether it is successfully met by the plaintiff in the judgment are questions which should be determined by the court and jury on an issue properly framed for the purpose after the judgment has been opened.

The answer also alleges that subsequent to the discharge the defendant made a new oral promise to pay the note and also made payments thereon. The replication, made under oath by the defendant, denies that he made any promise to pay or made any payments on the note. The learned judge assumed the functions of the jury and determined the question on the testimony submitted on the hearing. Whether the promise was made, and whether, as alleged in the answer and found by the court, it was clear, distinct, unequivocal and without qualification, depended upon the oral testimony of witnesses, and we have ruled time and again that in such cases the credibility of the witnesses is for the jury, and, therefore the question should be submitted to that tribunal. The averment in the answer that a new promise

to pay the debt was made, after the discharge, was met by an unqualified denial in the replication and raised a question of fact for the jury. This and other questions affecting the present liability of the defendant for the indebtedness secured by the note should go to a jury with proper instructions after the judgment has been opened and the defendant permitted to plead his discharge.

The learned court found, under the evidence, there was a new promise to pay the indebtedness made after the discharge in bankruptcy, and proceeded to determine the effect of it. We must defer the solution of this question until it is raised by facts found by the jury on the trial of the issue after the judgment has been opened and it is properly presented here for decision. What legal questions may be raised, on the trial of the cause, we cannot anticipate and undertake to decide at this time. We may suggest, however, that on principle and under our own decisions the question of the effect of a subsequent oral promise to pay a debt released by a discharge in bankruptcy seems to invite but little controversy.

The judgment is regular on its face, and the order refusing to strike it from the record is, therefore, right and is affirmed. The order discharging the rule to open the judgment is reversed, the rule is reinstated and made absolute, and a procedendo awarded.