Miller Brothers et al., Appellant, *v.* Keenan et al.

80

Argued April 19, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Carroll Caruthers*, and with him *Scott Fink*, for appellant.—The court erred in staying the proceedings to open judgment: King v. Brooks, 72 Pa. 363; Abeles v. Powell, 6 Pa. Superior Ct. 123; Lamb's Appeal, 89 Pa. 407.

*Jas. L. Kennedy*, for appellee.—In case of judgments entered by confession there is no time limit upon the exercise of the court's discretion in opening judgment: Kellog v. Krauser, 14 S. & R., 137; Carmony v. Hoober, 5 Pa. 305; Weigley v. Coffman, 144 Pa. 489.

Opinion by Gawthrop, J., July 12, 1928:

At No. 173, May Term, 1914, there was entered in

the Prothonotary's Office of Westmoreland County by Miller Brothers, plaintiffs, a judgment by confession against defendants for the sum of $643. At No. 643, May Term, 1919, a scire facias sur judgment, entered at No. 173, May Term, 1914, was issued, and upon an acceptance of service purporting to have been signed by defendants on August 4, 1919, judgment was entered on September 24, 1919, against defendants for $913.47. On September 23, 1924, at No. 428, November Term, 1924, a scire facias sur judgment, entered at No. 643, May Term, 1919, was issued and the sheriff returned that on September 25, 1924, he served both defendants personally by handing each of them a true and attested copy of the writ and made known to each of them the contents thereof. On July 13, 1926, defendants filed an affidavit of defense denying the validity of the judgment upon which the last scire facias was issued for the reason that neither of them had any knowledge or notice of the issuing of the previous scire facias, and averring that neither of them, at any time, accepted service of said scire facias nor authorized anyone, at any time, to accept such service, nor authorized the prothonotary to enter judgment against them; that they never signed any note or paper of any kind authorizing anyone to enter judgment against them; that it was not until September 25, 1924, that they had any knowledge of the original note or judgment or any revival of the same. Plaintiffs took a rule for judgment for want of a sufficient affidavit of defense and the court made the rule absolute. On appeal by defendants to this court we affirmed the judgment (Miller Bros. v. Keenan, et al, 90 Pa. Superior Ct. 470). Our Brother TREXLER, speaking for the court, said: ''If the defendants had wished to test the validity of the judgment entered upon the former scire facias, they would have done so upon a petition to open and the present writ could have been stayed in the meanwhile. The judgment upon the record is

to all intents and purposes valid upon its face and the only reasons that could be urged against the scire facia's would be matters arising since the entry of the judgment: O'Connor v. Flick, 274 Pa. 521; Taylor v. Tudor, 83 Pa. Superior Ct. 459; Lauer v. Ketner, 162 Pa. 265. All the allegations in the affidavit are directed to matters affecting the validity of the judgment formerly entered, and in this proceeding, that is a closed book." The only defense to a scire facias to revive a judgment is a denial of its existence or proof of a subsequent satisfaction or discharge: Dowling v. McGregor, 91 Pa. 410. In such proceedings the merits of the original judgment cannot be inquired into: Trader v. Lawrence, 182 Pa. 233. After the record was remitted to the court below, defendants promptly presented petitions therein to open the judgments entered at No. 173, May Term, 1914, and at No. 643, May Term, 1919, and also a petition for a stay of further proceedings on the judgment entered at No. 428 November Term, 1924. The court granted the prayer of the latter petition and entered an order staying proceedings on the last judgment pending the disposition of the petitions to open the previous judgments. This appeal is by plaintiffs from that order.

The contention of counsel for appellant is that the order of the court below was error, because a court cannot at a subsequent term set aside a judgment entered adversely, citing King v. Brooks, 72 Pa. 363; Abeles v. Powell, 6 Pa. Superior Ct. 123, and Betts v. Y. M. C. A., 88 Pa. Superior Ct. 568, which reiterate the familiar rule that a judgment adversely taken cannot be opened after the expiration of the term at which it was entered. Upon full consideration we have concluded that the contention is wide of the mark and that the rule of law relied upon has no application to the question before us. The court below has merely stayed proceedings upon the judgment entered upon the last scire facias pending a determination of the

questions whether the original judgment and that entered upon the first revival were valid. The contention of appellees is that the signatures to the note were a forgery. It has been held that if the original judgment was obtained by fraud and misrepresentation and the subsequent revivals were but a continuation of such fraud and misrepresentations, such revivals could add nothing to the validity of the original judgment. See Monroe v. Monroe, 93 Pa. 520. In that case the judgment entered on the note was twice revived by an amicable scire facias signed by the defendant and after the second revival the original judgment was opened and defendant was let into a defense. We regard the principle upon which that case was decided as ruling the one before us. If the allegations of defendants are true, plaintiffs should not have the fruits of the judgment last entered, for it has no more validity than the original judgment. While great laches or long delay in making an application to open a judgment is a circumstance of great weight against a petition, that is a matter for the consideration of the tribunal entertaining that proceeding. While, as was suggested by us in the former appeal, defendants should have moved the court below to open the original judgment at the time they sought relief by the averments of their affidavit of defense filed to the last scire facias, we are of opinion that their delay in filing the petition to open, occasioned by the fact that they mistook their remedy, did not bar them from subsequently pursuing the proper remedy. If defendant's story is believed, there was no unreasonable delay in seeking relief. Immediately after they were informed by the decision of this court in the former appeal that they mistook their remedy, they petitioned for the proper order. In the language of Mr. Justice STERRETT in Adams' App., 101 Pa. 471, 474, the delay "manifestly resulted from a misconception of the appropriate remedy, and should not be visited with the conse-

quence, which might result from a refu'sal to permit the case to be tried on its merits.'' Defendants have never had their day in court and their right to plead that the signatures to the original note were a forgery should not be denied without more compelling reasons than have been suggested by counsel for appellants. For these reasons we are not disposed to disturb the order of the Common Pleas.

The order is affirmed.

PORTER, P. J., dissents.