## Snyder v. Thompson

*Geary & Rankin*, for plaintiff.

*Paul Lane Ives* and *Taylor, Chadwick & Weeks*, for Delaware County National Bank.

BROOMALL, J., February 21, 1936.—The entry of the above judgment and the motion we are considering with the facts relating thereto are chronologically stated as follows:

On January 4, 1922, defendant, Mary E. Thompson, executed a mortgage for $3,500 with accompanying bond and warrant in the penal sum of $7,000 to Excelsior Saving Fund, covering premises 327 West Ninth Street, in the City of Chester, this county. On the same day she conveyed the same to Louis Snyder and Ida Snyder, and at the same time assigned her interest in certain shares of stock, issued by the Excelsior Saving Fund, as collateral security for the payment of the debt secured by said mortgage.

On January 10, 1928, as of no. 1073, December term, 1927, judgment was entered in this court in the amount of $5,000 by the Pennsylvania National Bank, now Delaware County National Bank by merger, against Louis Snyder and Ida Snyder.

The petition to open the judgment entered on said bond accompanying the above-mentioned mortgage aver that on or about June 8, 1931, the Excelsior Saving Fund, at the request of Louis Snyder and Ida Snyder, canceled and appropriated the value of said shares of stock, thereby reducing the mortgage debt to $1,133.52, and on June 11, 1931, assigned and transferred said bond and mortgage to plaintiff, Norman Snyder, for the said sum of $1,133.52.

On January 21, 1932, the judgment now before us was entered on the bond accompanying said mortgage in the sum of $3,793.33, the real debt being $3,500, and on the same day a writ of fi. fa. to sell said real estate issued. No return has been made on this writ.

On February 25, 1933, the Delaware County National Bank caused said premises to be sold by the sheriff under its judgment, above referred to, became the purchaser at that sale, and is now the owner thereof.

The petition of the Delaware County National Bank to open the judgment on the bond accompanying the above mortgage was filed on June 25, 1935, and avers, inter alia, that on August 18, 1933, it tendered to Norman Snyder in settlement the sum of $1,133.52, the amount paid by

him for the assignment of the mortgage, plus accrued interest, which he refused.

The rule allowed on the petition of the bank is to show cause why it should not be let into a defense for any sum in excess of $1,133.52, and we are now considering the motion of plaintiff to dismiss or quash this rule. The reasons assigned are that these proceedings are against defendant Mary E. Thompson alone, and the bank is not a party thereto; that junior judgment creditors have no standing in their own names to open a judgment against their debtors and be let into a defense on the merits, and that the bank at the time of the entry of the judgment in question, not being the owner of the premises covered by the mortgage and having purchased the premises subject to the lien of the said judgment, has no standing in these proceedings to question the amount due thereon.

The bank is a junior creditor to the lien of the judgment entered on the bond and is not specifically named in these proceedings. The bank is now the owner of the premises subject to the mortgage and the judgment on the bond. If it has a defense and is entitled to present it, this is the correct procedure and the proper time: See Miller Brothers et al. v. Keenan et al., 94 Pa. Superior Ct. 79. Insofar as disclosed by the pleadings, Mary E. Thompson passed out of the picture after she executed the bond and mortgage, assigned the shares of stock and transferred the title to Louis and Ida Snyder. The only one now interested in this judgment entered on the bond accompanying the mortgage is the bank, as the judgment is a lien against the property it now owns.

Plaintiff cites but one case to sustain the motion to quash, quoting Justice Sharswood in Campbell et al. v. Sloan, 62 Pa. 481:

"Under no circumstances could junior judgment-creditors have any standing in court in their own names to open a judgment against their debtor and be let into a defense on the merits. They could attack it collaterally for fraud or for some matter arising subsequently to the

entry of it as payment or a release, which would show that it was kept on foot in fraud of them, and that only by an issue to try the question."

The judgment under consideration is on the bond accompanying the mortgage, and the bank avers that it is improperly entered for an amount in excess of what is actually due. Judge Fox of Dauphin County, in Fehr v. Worden, 19 D. & C. 631, 633, citing Wilkinson's Appeal, 65 Pa. 189, says:

"It is contended by the petitioner that a junior encumbrancer would have been excluded from objecting to the amount mentioned in the writ of fieri facias and from asking for a stay of execution. We do not agree with this; that is true in some cases . . . but a junior encumbrancer we regard as a party in interest and we see no reason why he should be excluded when his interests are being affected by an erroneous claim made by the prior encumbrancers."

The bank, having averred that it purchased the property with the knowledge that the outstanding mortgage had been reduced by the cancellation and appropriation of stock held by the then mortgagee, is now attacking the judgment under the bond for matters arising subsequent to its execution, namely, a partial payment by an appropriation of the stock, which is just what Justice Sharswood says may be done.

"A bond and mortgage are distinct and separate securities, though for the same debt. As against the rights of third parties, payment in part of either extinguishes the debt and thereby satisfies the other."

See Fair & Square B. & L. Assn. v. Trustees Presbyterian Board of Publication, etc., et al., 98 Pa. Superior Ct. 409, 415; see also same case 302 Pa. 162, reversed, but only as to whether the payment made was in fact a payment on the debt.

In the instant case it is averred in the petition to open that there was a cancellation and appropriation of stock to apply on the mortgage debt. The present owner of the

property is entitled to know why this was not applied as a credit on this judgment. This may be a question of fact for a jury, if it should be denied in the answer. For the purpose of this motion however we must assume that there was a reduction of the amount due by the alleged cancellation and appropriation.

And now, to wit, February 21, 1936, the motion to dismiss or quash is refused and dismissed and the rule granted on June 21, 1935, to show cause why the judgment entered in the above entitled case should not be opened and the Delaware County National Bank (petitioner) let into a defense as to so much of said judgment as is in excess of $1,133.52 is continued, and plaintiff is directed to file an answer within 15 days from the date of this order, otherwise the said rule will be made absolute.