## Colwell *versus* Easley.

83      31
28 SC  556

83      31
222    ¹247

1. In proceedings on a scire facias to revive a judgment, where one is brought into court who has had no connection with the debtor's title, he should be discharged either by nonsuit or a verdict in his favor.

2. If he has had any connection with the debtor's title, though the judgment may not have been a lien at the time of his purchase, by reason of its previous expiration, he may nevertheless be brought into court as a terre-tenant, and may defend under the plea that the judgment is not and never was a lien upon his land.

3. In a scire facias to revive the lien of a judgment, C., who was summoned as a terre-tenant, pleaded that the original judgment was not a lien on his lands and never had been. *Held* (reversing the court below), that this was a good plea, and that striking off such a plea was erroneous.

October 24th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.    WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Armstrong county:* Of October and November Term 1876, No. 140.

*W. L. Corbett* and *J. V. Painter,* for the plaintiff in error.

*J. Gilpin* and *E. S. Golden,* for the defendant in error.—The sheriff's return to the scire facias is merely that he has made known the writ to certain persons, but does not describe the lands held by them.    The short entry of judgment is construed to relate only to the lands in the possession of those served which were bound by the original judgment: Coyle *v.* Reynolds, 7 S. & R. 329.

In Mitchell *v.* Hamilton, 8 Barr 486, which expressly overrules Minier *v.* Saltmarsh, 5 Watts 293, it was held that a tenant in possession cannot, when summoned as a terre-tenant, say that the land was not bound by the judgment.    To the same effect is Dengler *v.* Kiehner, 1 Harris 38, which decides that a terre-tenant can only show a release or a discharge of the land from the lien of the judgment.    To the same effect are Haskins *v.* Low, 5 Harris 66; Drum *v.* Kelly, 10 Casey 417; Catlin *v.* Robinson, 2 Watts 373; Cahoon *v.* Hollenback, 16 S. & R. 432.

In Colborn *v.* Trimpey, 12 Casey 465, Rhoads was concluded by a judgment against him by default.    This case cannot be held to have overruled Mitchell *v.* Hamilton or Dengler *v.* Kiehner.

Aside from authority, to allow such a plea would be to make this an action to try the title to land.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

The case for consideration has its origin in this wise: James Easley issued a writ of scire facias on a judgment which he had obtained against Hugh Campbell and R. S. Connor, and caused John A. Colwell to be named as terre-tenant.    Colwell caused

[Colwell *v.* Easley.]

appearance to be entered in his own behalf, and put in certain pleas, among others, that "The judgment sought to be revived by scire facias is no lien on the lands of J. A. Colwell, and never was." The case came on for trial March 14th 1876, when, before jury called, Hugh Campbell confessed judgment, and the trial proceeded as to the terre-tenant until the 18th, when a motion was made by the plaintiff to strike off the pleas of John A. Colwell, and to enter judgment for the plaintiff for want of a plea. This motion was granted—the plea was stricken off, and the defendant was ordered to plead over instanter, unless he should ask further time; whereupon he made answer that he had no further plea and asked no further time. The court then discharged the jury, and entered "judgment *de terris* against J. A. Colwell, the defendant, and *de propriis* as to costs." In the order striking off these pleas and the entry of judgment, the court no doubt intended to follow the case of Haskins *v.* Low, 5 Harris 64. So far as the disposition of the pleas was concerned, no doubt the learned judge was supported by the ruling in that case; for it is therein said by GIBSON, C. J., that a plea that the judgment was no lien and never had been, was bad, and might have been avoided by a demurrer. As to the judgment, however, we think it is stretching that case a little too much to attempt to make it cover this part of the court's action. The parties in the case referred to had actually proceeded on that plea to trial, and judgment had been rendered against the terre-tenant. He had been permitted to make all the defence in his power, and he had failed to show that the judgment was no lien. The land, thus bound by the judgment, was sold on a vend ex.; the proceeds were sufficient to satisfy the debt, but not all the costs; a fi. fa. was issued, on leave of court, against the terre-tenant for the balance of these costs; and it was upon this execution that the case was brought into this court. The decision was put upon the ground that, in Pennsylvania, we tax cost on every scire facias, as though it were an original suit, such practice having been sanctioned in Wood *v.* Ludwig, 5 S. & R. 446. In the case in hand there was no trial and verdict, but the defendant was turned out of court because his pleas denied that he was a terre-tenant of the land bound by the judgment. It was held, in the case cited, that no one can be a terre-tenant whose land is not bound, and consequently such an one cannot plead as a terre-tenant. If the land was never bound by the judgment, he has nothing to do with the question of execution between the creditor and his debtor. But we may observe, from this case, that he whose land is not bound by the judgment cannot interpose a defence, though brought into the case by scire facias, because he has no interest in the result. If, however, judgment may be had against him for costs, is he not interested? and if so, why may he not make the only defence possible, to wit, that his land is not bound by the plaintiff's judgment? John A. Colwell

[Colwell v. Easley.]

is brought into court by the plaintiff's writ; he does what he can to defend himself, but his only possible plea is stricken off and he is saddled with the costs! This cannot be good law, for it is contrary to the dictates of justice.

We think much the better rule to be that laid down in Jarrett v. Tomlinson, 3 W. & S. 114, and Miltenberger v. Schlegel, 7 Barr 241, that where parties are improperly introduced as terre-tenants the jury may be discharged as to them, or a verdict may be directed in their favor. We think, also, that the court erred in striking off the plea that the plaintiff's judgment was not and never had been a lien on the lands of Colwell. It is true a contrary doctrine may be gathered from the case already referred to, as well as the cases of Chahoon v. Hollenback, 16 S. & R. 425, and Dengler v. Kiehner, 1 Harris 38. The opinions in these cases were by Chief Justice GIBSON, as was also that in Mitchell v. Hamilton, 8 Barr 486, by which Minier v. Saltmarsh was overruled. In Dengler v. Kiehner, the point was, that though the land had been bound by the judgment, yet, as the lien had expired previously to the purchase of the land by Dengler's ancestor, it was held he was not a terre-tenant, and hence, though he had been served with the scire facias, the judgment thereon did not conclude him. It is, however, difficult to reconcile this doctrine with C. J. GIBSON's opinions as found in some other cases. In Himes v. Jacobs, 1 Penna. R. 152, the court below held: " That John Ross died before the 6th of April 1805, and that no suit was brought upon the bond from John Ross to Isaac and Abraham Boyer, or any description of it filed in the prothonotary's office within seven years after the death of John Ross; and that consequently as against a bonâ fide purchaser, which Anthony Deardorff was, the lien of that debt was gone before suit brought, and that Deardorff was not estopped by the pleadings and proceedings in the suit which was brought on that bond in 1823, from denying the existence of that lien and its effect in this action."

On this point the court below was reversed, GIBSON, C. J., observing in the opinion delivered by him, that though, as against a terre-tenant, the question might be tried in an action of ejectment by the sheriff's vendee, yet when he had appeared in the proceedings on the original judgment, and had an opportunity to make a full defence, even though he may not avail himself of it, he is concluded to every intent. Here then is a case as near the converse of Dengler v. Kiehner as can well be imagined. Here, also, is a case in which the only possible defence of the one served as terre-tenant, was that his land was not and never had been bound by the debt sought to be recovered, and yet, because he did not make this very defence, when he might have done so, he is held to be concluded. So in Mitchell v. Hamilton that same eminent jurist says, that on the trial of the scire facias the terre-tenant may show *that the*

2 NORRIS—3

[Colwell *v.* Easley.]

*debtor had parted with his title before the rendition of the judgment*, or that the lien had been extinguished by a satisfaction, release or want of revival. Here, again, we are warranted in saying that a plea, by one summoned as a terre-tenant, that his land was not and never had been bound by the judgment, would be good. Then in addition to the overruled cases of Kiehner *v.* Dengler, 1 Watts 424, and Minier *v.* Saltmarsh, 5 Id. 293, we have Colborn *v.* Trimpey, 12 Casey 465, in which Woodward, J., says that it would have been a good plea, by one served with a scire facias, that he was not a terre-tenant and that his land was not subject to the lien, and that if he did not avail himself of such opportunity he was estopped from gainsaying the validity of such lien, in an action of ejectment to recover the land. From the reasoning thus borrowed from our books we are led to conclude, 1. That when one is brought into court, who has had no connection with the debtor's title, he should be discharged either by nonsuit or a verdict in his favor; for he is not a terre-tenant; he cannot be bound by the judgment and he ought not to have been summoned; 2. If he has had connection with the debtor's title, though the lien of the judgment may not have attached at the time of his purchase by reason of its previous expiration, he may nevertheless be warned as a terre-tenant, and may defend under the plea that the judgment is not and never was a lien upon his land. It follows that the court erred in striking out the second plea of the defendant. As to the third and fourth pleas they were mere surplusage and amounted to nothing *pro* or *con*.

Judgment reversed, and a *procedendo* awarded.