Fox et al. *v.* Henry et ux., Appellants, et al.

Argued March 27, 1935.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*John J. McGrath,* with him *Frank F. Troup,* for appellants.

*Henry A. Jones,* for appellees.

242

PER CURIAM, April 22, 1935:

Plaintiffs instituted this proceeding under the Act of April 20, 1905, P. L. 239, to obtain possession of real estate acquired at judicial sale. Defendants filed answers denying plaintiffs' right to the land, whereupon the latter obtained a rule for judgment upon the whole record. Subsequently, the rule was made absolute and judgment for possession entered in favor of plaintiffs. This order is the subject of the sole assignment of error in the appeal now before us.

On September 18, 1931, plaintiffs obtained a judgment against A. J. Grosick. Appellants allege themselves to be bona fide purchasers from Andrew Grosick, Jr., under deed dated April 27, 1932, of the premises herein involved. A. J. Grosick and Andrew Grosick, Jr., were one and the same person, which fact was known to appellants. Not only did the grantees have actual knowledge of the judgment, but it appears they agreed to take title to the property here in question subject to existing liens. Subsequently, on October 3, 1932, plaintiffs sued out a writ of scire facias to revive and continue their lien, at which time appellants were summoned as terre-tenants. The latter entered no appearance and judgment was entered in favor of plaintiffs, who caused execution to be issued and the property sold at sheriff's sale. Plaintiffs purchased the property and to obtain possession thereof this proceeding was begun. We are of the opinion that appellants' contentions are devoid of all merit. If for no other reason, the fact that they had actual knowledge of the judgment prevented them from becoming bona fide purchasers. Since the land was bound by the judgment at the time they acquired title, appellants were merely terre-tenants: Handel and Hayden B. & L. Assn. v. Elleford, 258 Pa. 143. Such being their status, they were concluded by their failure to answer the scire facias proceeding: Colburn v. Trimpey, 36 Pa. 463.

Nor is there any substance in appellants' final contention that a pending rule to bring ejectment, which had

ripened neither into judgment nor into an action of ejectment, will bar a judgment for possession. This rule appellants themselves obtained. One rightfully entitled to the possession of land is not to be forestalled by the caprice and artifice of those against whom execution has issued.

The single assignment of error is overruled and the order is affirmed at appellants' costs.