## Corn, to use, v. Brigham et al.

*Philip E. Hamilton,* for petitioner.
*Moorhead, Marshall & Sawyer,* for respondents.

McCREARY, P. J., April 5, 1946.—On November 9, 1945, Ruth L. Brigham, now Ruth L. Robinson, of the Borough of Hollidays Cove, State of West Virginia, and John T. Reeves & Company, a banking co-partnership, of the City of Beaver Falls, Pa., filed a petition at the above-stated number and term, for a rule on Luther A. Harr, Secretary of Banking of the Commonwealth of Pennsylvania, Receiver of the Federal Title & Trust Company, now for the use of A. E. Corn, to show cause why a judgment, docketed as above stated, should not be stricken from the record insofar as it affects the terre tenant named therein, and on the same day a rule was issued as prayed for. On December 1, 1945, an answer was filed by use

plaintiff, and the matter was set down for argument as on bill and answer.

The matter before the court is in the nature of a case stated, because all of the averments of the petition, essential for a proper determination thereof, were specifically admitted by the answer. The facts as stated in the petition and admitted in the answer are as follows:

1 and 2. By deed dated February 10, 1930, and recorded May 13, 1932, in Deed Book, Vol. 406, page 146, and by deed dated February 10, 1930, and recorded May 13, 1932, in Deed Book, Vol. 406, page 147, Norbert H. Covert et ux. conveyed to Ralph O. Brigham lots numbered 318 and 317 in the Darragh, Fetterman and Porter plan of lots in the City of Beaver Falls.

3. By deed dated October 3, 1933, and recorded in the recorder's office of Beaver County in Deed Book, Vol. 416, page 89, Ralph O. Brigham et ux., Georgiana Brigham, conveyed said lots to Ruth L. Brigham, who has held title to said lots from that time until the present time.

4. On February 17, 1932, the Federal Title & Trust Company, of the City of Beaver Falls, Pa., confessed judgment against Ralph O. Brigham on a note, the judgment being docketed in the office of the Prothonotary of Beaver County at no. 824, March term, 1932, D. S. B., the amount of the note being $2,395.

5. On February 13, 1937, Luther A. Harr, Secretary of Banking of the Commonwealth of Pennsylvania, Receiver of the Federal Title & Trust Company of Beaver Falls, Pa., filed an amicable revival at no. 277, March term, 1937, D. S. B., to continue the lien of the judgment mentioned in paragraph 4 hereof, the amicable revival being signed by Ralph O. Brigham, the judgment debtor, but not joined in by Ruth

L. Brigham, the then record owner of the land in question.

6. On November 18, 1937, the said Luther A. Harr, in his official capacity as receiver of the Federal Title & Trust Company, issued a writ of scire facias at 199, December term, 1937, on the judgment at no. 277, March term, 1937, D. S. B., against Ralph O. Brigham, defendant, and Ruth L. Brigham, terre tenant, and entered judgment thereon on February 21, 1939, against defendant and alleged terre tenant, for want of an appearance and answer, or plea. The sheriff's return on the writ of scire facias issued on the judgment at no. 199, December term, 1937, was as follows:

"Served the within writ on the within named defendant, Ralph O. Brigham, November 29th, 1937, at 12:50 P. M., by handing a true and attested copy thereof to Ruth Brigham, his wife, an adult member of his family at his place of residence in his absence and making known to her the contents, at 2429 7th Avenue, Beaver Falls, Beaver County, Penna.

"Served the within writ on the within named terre tenant, Ruth L. Brigham, November 29th, 1937, at 12:50 P. M., by handing to her personally a true and attested copy thereof and making known to her the contents, at her place of residence, 2429 7th Avenue, Beaver Falls, Beaver County, Penna.

"So answers WILLIAM V. KENNEDY    Sheriff.
                    JOSEPH KNOX STONE    Deputy Sheriff."

7. On January 31, 1944, Luther A. Harr, in his official capacity as receiver aforesaid, issued a writ of scire facias at no. 267, March term, 1944, sur judgment at no. 109, December term, 1937, against Ralph O. Brigham and Ruth L. Brigham, terre tenant, and entered judgment thereon March 13, 1944. The sheriff's return on said writ of scire facias was as follows:

"February 8, 1944.

"Served Ralph O. Brigham, one of the within named defendants, by handing to him personally, at his place of business, a service station at 2526, 7th Ave., Beaver Falls, Beaver County, Pennsylvania, on February 1st, 1944, at 11:25 A. M., a true and attested copy of the within writ and making known to him the contents thereof.

"Served Ruth L. Brigham, one of the within named defendants, by handing to her father, an adult member of the family, personally at 2526—7th Ave., Beaver Falls, Beaver County, Pa., on February 1, 1944, at 11:25 A. M., a true and attested copy of the within writ and making known to him the contents thereof.

"So answers RAY P. MCKENNY
Sheriff."

8. On November 15, 1944, the judgment at 267, March term, 1944, was assigned without recourse, representation or warranty, by the Secretary of Banking, receiver as aforesaid, to A. E. Corn, use plaintiff. Said assignment being filed of record at no. 267, March term, 1944.

9. John T. Reeves & Company, a banking co-partnership, filed a judgment in the amount of $5,060.50 on July 21, 1938, against Ralph O. Brigham and Ruth L. Robinson, formerly Ruth L. Brigham, at no. 152, December term, 1938, D. S. B., said judgment being confessed on a note, under seal, with a warrant of attorney attached thereto authorizing the confession of judgment.

10. On July 21, 1943, John T. Reeves & Company issued a scire facias at no. 98, September term, 1943, sur judgment at no. 152, December term, 1938, D. S. B., against Ralph O. Brigham and Ruth L. Brigham, alias Ruth B. Robinson, formerly Ruth L. Brigham, and judgment was duly taken on December 29, 1943.

The balance of the allegations of the petition and answer relate to the service made by the Sheriff of Beaver County on Ruth L. Brigham, the alleged terre tenant in the writ of scire facias at no. 199, December term, 1937, D. S. B., and the writ of scire facias at 267, March term, 1944. Petitioner sets forth that Ruth B. Robinson, formerly Ruth L. Brigham, grantee mentioned in the first and second paragraphs of the statement of facts, was married on January 27, 1934, to Lee Robinson at Wellsburg, W. Va., and that she was a resident of the State of W. Va., residing at Hollidays Cove, at the time of the alleged service of both writs on her father, the original judgment debtor, and that she was not served at any time with either of the writs of scire facias, and further avers that she was not within the Commonwealth of Pennsylvania at the times of the alleged service upon her. She avers that she has a home of her own at Hollidays Cove, W. Va., where she resides with her husband, and that this marital and residential status as to her existed at the time of the alleged service of the two writs, and denies that her father was a proper person upon whom to serve either writ. She points out that whereas the return of the sheriff to the first writ of scire facias shows that the sheriff served the writ on Ralph O. Brigham by handing a true and attested copy thereof to Ruth Brigham, his wife, and served Ruth L. Brigham by handing to her, personally, a true and attested copy thereof, the fact of the matter is that Georgiana Brigham is the wife of judgment debtor and that nothing was served upon Ruth L. Brigham who is, as a matter of fact, the daughter of judgment debtor. She says that it could not have been served on her because she was a resident of Hollidays Cove, W. Va., at the time of the service of the writs, and had been for many years prior thereto a bona fide resident of the State of West Virginia. It should be noted in passing that the return of the writ

of scire facias at no. 267, March term, 1944, on the alleged terre tenant is not a service made in accordance with the Service of Process Act of July 9, 1901, P. L. 614. Under the provisions of the last mentioned act of assembly service of scire facias must be made as in the case of the service of a summons. The writ of scire facias at no. 267, March term, 1944 is alleged to have been served on judgment debtor, Ralph O. Brigham, at his place of business, a service station, at 2526 Seventh Avenue, Beaver Falls, and on Ruth L. Brigham "by handing to her father, an adult member of the family, personally at 2526 Seventh Avenue, Beaver Falls, a true and attested copy of the writ and making known to him the contents thereof". On the face of the writ the sheriff's return shows that he served the alleged terre tenant by handing to her father at his place of business a true and attested copy of the writ. This is not a compliance with the statute as to service. Service may be made on a defendant, or terre tenant, by handing a true and attested copy of the writ to an adult member of the family of defendant, or terre tenant, at his place of residence. The sheriff's return does not show that this was done, but rather shows that it was given to the alleged terre tenant's father at his place of business.

We are of the opinion that it is not material for a proper disposition of this case that we decide that the sheriff's return is either false or defective. We are going to assume, for the purposes of this case, that the return of the sheriff is conclusive, and that Ruth L. Brigham, the alleged terre tenant, was duly served with both writs of scire facias. One return of "nihil habet" by the sheriff would have entitled the judgment creditor to judgment, and if the sheriff was mistaken in his description of the person on whom he served the writs, or if his return is actually defective, we

would have a right to permit the sheriff to amend his return to show a return of "nihil habet", the action being an action in rem and not one in personam. See Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180; 32 Vale's Pa. Dig. 591, §141, and cases therein cited; 1 Standard Pa. Practice 493, 496. For cases wherein the court lays down the rules relating to the right of a sheriff to amend his return, see Maloney v. Simpson, 226 Pa. 479, Pick v. Whitaker, 103 Pa. 297, Brundred v. Egbert et al., 164 Pa. 615, Reiff v. Insurance Co., 2 W. N. C. 383, Keeley v. Shanley, 5 Montg. 27, Anspach v. Carr, 1 Troubat & Haly's Pr. 268.

Assuming, for the purposes of this opinion, that the return of the sheriff on the two writs of scire facias issued as above stated is proper, and that judgment was properly entered in reliance on the returns, we are still of the opinion that the rule to strike the judgments from the record, insofar as they relate to Ruth L. Brigham, alleged terre tenant, must be made absolute.

The real question to be determined by the court may be briefly stated as follows: Does the court have the right, on petition of one alleged to be a terre tenant, to strike from the record a judgment, entered against said alleged terre tenant by default on a judgment which was not and never had been a lien on the land in the hands of the terre tenant at the time of the service of the writ and the entry of the judgment? In other words, is one who is not in fact a terre tenant, but is named as a terre tenant in a scire facias to revive a judgment, bound to enter an appearance and answer a writ of scire facias issued on a judgment which was not and never had been a lien on her lands? We are satisfied that Ruth L. Brigham has a right to have stricken from the record, insofar as it might affect her lands, or cloud her title, the judgments entered on the writs of scire

facias issued at no. 199, December term, 1937, D. S. B., and its offspring, the judgment entered at no. 267, March term, 1944, on which a writ of execution was issued and is now in question.

There is no doubt whatever that the judgment held by the Federal Title & Trust Company, at no. 844, March term, 1932, D. S. B., filed on February 7, 1932, became a valid lien on the real estate of Ralph O. Brigham, and remained a lien thereon in the hands of Ruth L. Brigham for a period of five years subsequent to the recording of the deed mentioned in paragraph 3 of the petition, the said deed being recorded on October 6, 1933. There is also no doubt that under the Act of April 16, 1849, P. L. 663, the lien of the judgment was good until October 6, 1938. Had that judgment been kept alive by the issuance of writs of scire facias thereon each five years from October 6, 1938, with notice to terre tenant, Ruth L. Brigham, it would still be a lien on the lands in the hands of grantee, Ruth L. Brigham. The difficulty with use plaintiff's position is that this judgment was not kept alive as a lien on the real estate in the hands of the purchaser by issuance and service of proper writs of scire facias joining the owner of the land as terre tenant, and by reason of such failure the lien ceased to exist after October 6, 1938.

The amicable revival at no. 277, March term, 1937, D. S. B., heretofore mentioned in this opinion, was a personal revival against Ralph O. Brigham only, and did not attach to the lands in the hands of Ruth L. Brigham and hence the said judgment could never have been made the basis of a lien against any lands in the hands of terre tenant. In spite of this amicable revival, however, the judgment filed at no. 824, March term, 1932, D. S. B., which was in full force and effect at the time of the conveyance of the lands in question by Ralph O. Brigham to Ruth L. Brigham, continued

to be a lien binding the lands in the hands of Ruth L. Brigham until October 6, 1938.

When plaintiff discovered that Ralph O. Brigham had conveyed the land in question to Ruth L. Brigham, and an examination of the records in the office of the Recorder of Deeds of Beaver County would have revealed that such conveyance was recorded on October 6, 1933, he came into court, on October 18, 1937, and issued a scire facias on the judgment which he had caused to be entered at no. 277, March term, 1937, this scire facias being docketed at no. 199, December term, 1937. We are satisfied that the judgment entered on the scire facias at no. 199, December term, 1937, did not attach as a lien on the lands in the hands of terre tenant any more than the judgment at no. 277, March term, 1937, on which the scire facias was based, was a lien. This is also true of the judgment entered at no. 267, March term, 1944, it being a scire facias issued on the judgment entered at no. 199, December term, 1937.

We are satisfied that the amicable revival signed by Ralph O. Brigham only, at no. 277, March term, 1937, never was and never could be a lien on the lands in the hands of Ruth L. Brigham, and we are further satisfied that any scire facias issued thereon, naming Ruth L. Brigham as terre tenant, never was and never could be made a lien on lands in her hands, even though she failed to enter an appearance and answer the writ, or writs, issued on the basis of that amicable revival. Our attention has been called to no statute or decision whereby a judgment creditor can breathe life into a judgment not a lien against lands of a terre tenant by issuing a scire facias on said judgment and reducing the scire facias to judgment by reason of the default of the alleged terre tenant to answer.

The law on the question of the revival of a lien of a judgment, so as to carry the lien against the real

estate in the hands of a terre tenant, has been definitely settled in Pennsylvania ever since the case of Little v. Smyser, 10 Pa. 381, which case distinctly holds that the only way to preserve a lien on real estate in the hands of a terre tenant is to revive the judgment which was a lien upon the land at the time of the revival. In this case there were a number of revivals without notice to terre tenant, and the court held that they were not good and that a scire facias issued on them did not bind lands in the hands of the terre tenant.

In the case of Simmons v. Simmons et al., 150 Pa. Superior Ct. 393, the court laid down the following principles (pp. 405, 406) :

" 'II. Where the judgment has been entered, or duly revived by sci. fa., *within five years prior to the recording of the deed from the judgment debtor*, the lien of the judgment is kept alive as against the grantee, as against the terre-tenant and any subsequent grantee of his, for a further period of five years from the date of such recording, without any sci. fa. being issued during the five years from the entry of the judgment, or from the issuance of the previous sci. fa.

" 'III. In such case, the issuance, after the recording of the deed, of a sci. fa. against the judgment debtor alone, with or without judgment thereon, is wholly ineffective in reviving the lien of the original judgment, or in creating a new lien, against the terre-tenant.

" 'IV. The lien of the original judgment being still in existence for five years from the recording of the said deed, the land can be sold on execution under that lien, at any time during the five year period, without the issuance of any sci. fa. at all; either against the judgment debtor or the terre-tenant.

" 'V. Under such circumstances, in order to continue the lien of the judgment beyond the five years

following the recording of the deed, a sci. fa. on the *original judgment* (being the judgment which was still a lien when the judgment debtor made his deed) must issue within that period, bringing in the terre-tenant'."

In the case of First National Bank & Trust Co. et al. v. Miller et al., 322 Pa. 473, the facts were just about identical with the case at bar. Plaintiff entered judgment against a man named Miller on May 19, 1927, and on November 15, 1927, Miller conveyed a piece of land bound by the judgment to the Greene County Amusement Company, and the deed was recorded on November 18, 1927. On May 12, 1932, plaintiff issued a scire facias to revive the original judgment, but failed to include the terre tenant. Judgment was entered on the scire facias on June 21, 1932, against original defendant only, and the judgment was assigned to an assignee. The assignee then issued a scire facias, not on the original judgment, but on the judgment obtained on the scire facias, the writ issuing on June 21, 1932, the same day that judgment was first taken on the first scire facias. In the second scire facias terre tenant was named and joined, and judgment was entered on the scire facias on January 6, 1933. In the meantime, three judgments were issued against terre tenant by other creditors. At page 477 the court stated the law to be as follows:

"In this situation, with the original judgment still a lien upon the land, the judgment entered on June 21, 1932, being of no effect, appellant's course was clear. It was to revive the only judgment which was a lien upon the land—the original judgment. Little v. Smyser, 10 Pa. 381, clearly so rules. In Zerns v. Watson, 11 Pa. 260, the situation was much the same as the one before us, except that it was the terre-tenant who urged the lien was lost rather than a judg-

ment creditor asserting priority. The court there stated: 'The first scire facias was issued against the original defendants alone, without notice to the terre-tenant, and judgment was confessed thereon without his participation. It was clearly, therefore, no lien or encumbrance on the land in his hands, the same having been aliened before the scire facias was issued. . . . What then was the remedy of the plaintiff in the judgment in order to continue the lien of it against the land? Surely not to make the second judgment the foundation of his suit.' Appellant failed to revive the only judgment which was a prior lien against the land within the period of five years and consequently the priority of his lien against the land conveyed was lost."

The acts of assembly relating to the subject under discussion are as follows: Act of April 4, 1798, 3 Sm. L. 331, secs. 2 and 3, 12 PS §§864, 869; Act of March 26, 1827, P. L. 129, sec. 1, as amended by the Act of June 1, 1887, P. L. 289, 12 PS §868; and the Act of April 16, 1849, P. L. 663, sec. 8, 12 PS §872. All of these statutes and the decisions of the courts interpreting them are thoroughly digested by Judge Henry H. Wilson, a former member of the bench of this court, in the case of Klein et al. v. Anderson et ux., 39 D. & C. 139. This latter case is referred to by the Hon. Grover C. Ladner in his valuable treatise on Real Estate and Conveyancing at page 447 of vol. 1, wherein he says: "The entire line of cases on this subject has been fully and excellently reviewed in the recent case of Klein v. Anderson, decided by Judge Wilson of Beaver County on May 14, 1940 (39 D. & C. 139)". It would serve no useful purpose, and it would undoubtedly prolong this opinion to quote in detail from the case of Klein v. Anderson or from the observation on the subject set forth by Judge Ladner in his book, commencing on page 411 of vol. 1 and ending on

page 448 thereof. It is sufficient to say that the review of the subject by these two eminent judges leaves no doubt about the fact that plaintiff in the case at bar revived a judgment which was not at the time of the revival a lien on the lands in the hands of Ruth L. Brigham, never had been a lien and never could be made a lien thereon.

It must be remembered that a writ of scire facias is not and never has been an original writ; it is only a process which issues to continue the lien, or revive the lien of the judgment obtained in the original action, and the revival, either amicable or by scire facias, of a judgment against defendant's land does not continue nor preserve the lien of that judgment against lands conveyed to a terre tenant after the judgment was entered, but before the judgment was revived. See First National Bank & Trust Co. et al. v. Miller et al., 322 Pa. 473, and Cusano, Admrx., et al. v. Rubolino et al., 351 Pa. 41.

Use-plaintiff takes the position that the appellate courts of the State have held that under circumstances similar to the case at bar a terre tenant is estopped from denying the validity of a judgment obtained against her by default, and that when, after she has been duly served with a writ of scire facias, she neglects to enter an appearance or file an answer and suffers judgment to be entered against her, she has no standing to petition the court to strike off the judgment insofar as it purports to be a lien against real estate in her hands. He cites as authority for this proposition the case of First National Bank & Trust Co. et al. v. Miller et al., supra, Colborn v. Trimpey, 36 Pa. 463, and Cusano, Admrx., et al. v. Rubolino et al. supra.

We are satisfied that no one of these cases decides the question which is before the court at the present time. In the case of First National Bank & Trust Co.

et al. v. Miller et al., the only question which was before the court was that of determining *priority* of a lien on distribution of the fund realized at the sheriff's sale as between judgment creditor and intervening creditors who occupied a position on the record similar to the position which John T. Reeves & Company occupies on the record in the case at bar. In that case there were two features which distinguish it clearly from the facts in the case at bar. Terre tenant, who was the only one who had any right to complain, did not make any motion to strike off the judgment, nor did it raise any question as to its right of distribution. The sole question before the court was the question as to whether intervening judgment creditors were entitled to priority on distribution of the fund realized at the sheriff's sale as against judgment creditor. The court said the judgment creditor was entitled to receive, in the absence of objections by alleged terre tenant, what terre tenant would be entitled to if alleged terre tenant made a claim.

In this case Justice Kephart concluded his opinion by stating (p. 478):

"While the judgment entered on the second scire facias may entitle appellant to claim a share of the proceeds from the sale of terre-tenant's land *because it failed to raise objections*, his claim dates from the entry of the judgment, not from the date of the writ." (Italics supplied.)

Justice Kephart does not say what the court would have done if terre tenant had raised objections.

The case of Colborn v. Trimpey is to be distinguished on the ground that the judgment revived in that case, with notice to terre tenant, was the judgment which was a lien on terre tenant's land at the time he purchased the land of judgment debtor. That is not so in the case at bar. In that case the judgment which was taken by default against terre ten-

ant was a judgment on the original judgment which had been a lien on the lands in the hands of terre tenant, just as was the original judgment obtained by the Federal Title & Trust Company against Ralph O. Brigham in the case at bar a lien against the lands in the hands of Ruth L. Brigham. If plaintiff in the case at bar had issued a scire facias on this judgment, and judgment had been taken against the terre tenant in default of an answer, the ruling of the court in the case cited would have been binding in the case at bar. Such, however, was not the case, and therefore the case cited is not authority for the proposition advanced by plaintiff.

The case of Cusano, Admx., et al. v. Rubolino et al. supra, was decided in 1944. In that case Mr. Justice Drew used the following language (p. 45) :

"It must be borne in mind that a writ of scire facias is not an original writ, but is a process merely to continue or revive the lien of a judgment obtained in an original action: Bushong on Pennsylvania Land Law, Vol. 1, §236, p. 212. Therefore, a different situation arises as to the terre-tenant from that of the original defendant. A judgment obtained against a terre-tenant is not against him personally. It is merely against the specific real estate owned or held by him as terre-tenant. Under such circumstances, therefore, his only concern is whether he owns real estate upon which the judgment sought to be revived is a lien. It is well settled that he is concluded by his failure to answer the scire facias: Fox v. Henry, 318 Pa. 241, 178 A. 491. If he does not appear and defend, his property shall continue to be bound by the judgment: Colborn v. Trimpey, 36 Pa. 463. The terre-tenant may defend on the ground that the judgment debtor had parted with title to the real estate before the entry of the judgment, or that the lien has been extinguished by a satisfaction, release or want of

revival, or that the judgment was never a lien against the property: Colwell v. Easley, 83 Pa. 31. Judgment may be entered against terre-tenant, as against defendant, for want of a sufficient affidavit of defense: Hiestand v. Williamson, 128 Pa. 122, 18 A. 427; Porter v. Hitchcock, 98 Pa. 625; Trickett on the Law of Liens in Pennsylvania, Vol. 3, p. 305."

It should be noted that Mr. Justice Drew cites the case of Fox et al. v. Henry et ux., 318 Pa. 241, as authority for the proposition that a terre tenant is concluded by his failure to answer the scire facias. A careful reading of the case cited shows that in the Fox case the scire facias was issued on the judgment which had been a lien on the lands of a terre tenant, not on a judgment which had never been a lien on such lands, as was the judgment in the case at bar.

None of these cases, in our opinion, is authority for the proposition that a terre tenant has no standing to petition the court to strike off a judgment entered against her by default, when the judgment on the scire facias is based on a judgment which was not and never has been a lien on the lands of the alleged terre tenant.

We are of the opinion that the decision of the Supreme Court in the case of Handel and Hayden Building & Loan Assn. v. Elleford et al., 258 Pa. 143, governs the case at bar. In that case a judgment was obtained against a debtor 11 weeks after debtor had conveyed his lands and grantee had recorded his deed. Judgment creditor issued a scire facias naming the purchaser of the lands as terre tenant. Terre tenant suffered judgment to be entered against him by default, and later on petitioned the court to strike off the judgment. Mr. Justice von Moschzisker announced the opinion of the court and sustained the order of the lower court striking off the judgment as to the terre tenant. He said, in part, as follows (p. 146):

"Under some of our cases, where one is prima facie a terre-tenant, in that he took title to the real estate in question subsequent to the judgment sought to be revived, a plaintiff has a right to name him as such, even though the lien of the judgment may have expired; and, when so named, the terre tenant may defend under a plea that the judgment is not and never was a lien upon his land: Hulett v. Mut. Life Ins. Co., supra; Hanhauser v. Penna. & New England R. R. Co. (No. 2), 222 Pa. 244, 247; Colwell v. Easley, 83 Pa. 31. In a case like the present, where the record depended upon by the plaintiff clearly shows that the person named as terre-tenant derived his title 11 weeks prior to the date of the original judgment, the fact that he is not a terre-tenant within the meaning of the Act of 1798, as construed in our latest rulings, is so apparent that, upon application, a judgment of revival entered against him by default may properly be stricken from the record."

He defines terre tenant in the following language (p. 146):

" 'A terre-tenant, in a general sense, is one who is seised or actually possessed of lands as the owner thereof. In a scire facias sur mortgage or judgment, a terre-tenant is, in a more restricted sense, one, other than the debtor, who becomes seised or possessed of the debtor's lands, subject to the lien thereof. Those only are terre-tenants, therefore, in a technical sense, whose title is subsequent to the encumbrance.' Here, whatever title Mr. Wells may have to the real estate, sought to be covered by the proceedings to revive, came to him before and not 'subsequent to the encumbrance;' hence, he is not a terre-tenant within the meaning of the act depended upon by the plaintiff, and should not have been named as such." See also Dengler v. Kiehner, 13 Pa. 37.

In the case at bar the judgment on which the scire facias naming terre tenant is based, is a judgment which was obtained subsequent to the conveyance by Ralph O. Brigham and wife to Ruth L. Brigham. This judgment, obtained at no. 199, December term, 1937, never was a lien on the lands in the hands of the terre tenant, and life could not be breathed into it to make it a lien. Since it could never become a lien, any judgment on a scire facias based thereon could never become a lien even if the judgment was obtained by default against so-called terre tenant. Ruth L. Brigham never was a terre tenant insofar as the judgment obtained against Ralph O. Brigham, at no. 199, December term, 1937, is concerned, and hence we are bound by the decision of the court in the case of Handel and Hayden Building & Loan Association v. Elleford, supra, and we are bound to strike the judgment from the record, the motion to do so having been made by alleged terre tenant.

Since the judgment on which the scire facias against Ruth L. Brigham was never a lien and could not be made a lien, we see no useful purpose to be served by allowing the sheriff to proceed with his execution and sell the land levied on, and thereafter leave the terre tenant to an action in ejectment. We are satisfied that a writ of execution based on a judgment that is not a lien on the land proposed to be sold would not be effective to give any validity to a sheriff's deed thereon. No lien, no valid sale.

John T. Reeves & Company joined in the prayer of the petition of Ruth L. Brigham to have the judgment at no. 267, March term, 1944, stricken from the record insofar as it affects the lands in the hands of Ruth L. Brigham, and we are satisfied that this banking co-partnership has no standing to raise any question such as is raised in the case at bar, except in the event that the question would be raised on distribution

of a fund realized from the sale of the lands at sheriff's sale. A judgment creditor's right to assert priority over a prior judgment can be raised only on distribution of the funds arising from sale of the land on which the lien is claimed. This banking co-partnership had no standing to petition the court, or to join in a petition with terre tenant asking that the judgment be stricken from the record insofar as it affects lands in the hands of Ruth L. Brigham, alleged terre tenant: First National Bank & Trust Co. et al. v. Miller et al., supra.

Alleged terre tenant, having filed a petition in court to strike the judgment at no. 267, March term, 1944, from the record as to terre tenant, Ruth L. Brigham, and to show cause why the land described in the petition should not be declared to be free and discharged from the lien of any of the judgments mentioned and set forth at length in the petition, we are satisfied that the rule should be made absolute.

We therefore make the following

### Order

Now, to wit, April 5, 1946, the above-entitled matter having been duly argued before the court en banc upon petition and answer, the rule granted on November 9, 1945, directed to A. E. Corn, use-plaintiff, to show cause why the judgment at the above stated number and term should not be stricken from the record insofar as it affects terre tenant therein named, Ruth L. Robinson, alias Ruth B. Robinson, formerly Ruth L. Brigham, and to show cause why the land described in the petition, namely, lots numbered 317 and 318 in the Darragh, Fetterman & Porter plan of lots in the City of Beaver Falls, should not be declared to be free and discharged of and from the lien of said judgment, and of and from the lien of any of the judgments held by the Federal Title & Trust Company of Beaver Falls, and Luther A. Harr, Secretary

of Banking of the Commonwealth of Pennsylvania, Receiver of Federal Title & Trust Company, mentioned and set forth more fully and at length in the petition presented by Ruth L. Robinson, formerly Ruth L. Brigham, is made absolute; the writ of execution issued at no. 27, December term, 1945, based on the judgment at no. 267, March term, 1944, is stayed perpetually.