684

## Lombardo v. Biddle et al.

*J. R. Mathewson*, for plaintiff.
*C. G. Gartling*, for defendants.

ALESSANDRONI, J., April 12, 1947.—Plaintiff, Frank Lombardo, obtained a judgment against defendants, including Frederick W. Biddle, on February 15, 1930 upon which damages were assessed on October 13, 1933,

in the sum of $743.50. On February 7, 1941, Biddle acquired title in fee to premises 4651 North Fifth Street, Philadelphia, and on the same day transferred title thereto to his wife, Frances M. Biddle, and Myer Grodsky in trust "for the sole purpose of reconveying the said premises to Biddle and Company, Incorporated, now being organized, as soon as charter is granted said Corporation or as directed by the joining in conveyance by the said Frederick W. Biddle and the said Myer Grodsky".

Frederick W. Biddle died December 28, 1945, leaving a will duly probated of record, wherein he appointed his wife executrix and devised and bequeathed to her all of his estate. The petition for letters testamentary sets forth that decedent was the owner of the premises. A month later, Frances M. Biddle and Myer Grodsky, as trustees, and Frances M. Biddle, individually as widow, devisee and executrix, conveyed title to themselves in fee. The deed recited, inter alia, that the plan to incorporate Biddle and Company, Incorporated, was not effected and that Frederick W. Biddle devised his interest in the property to his wife who was joining in the deed as widow, devisee, and executrix of his estate.

These facts are recited in a writ of scire facias to revive the judgment, issued on October 11, 1945, less than 10 months after the death of Frederick W. Biddle, against Frances M. Biddle "as executrix and devisee of the estate of Frederick W. Biddle, deceased, and as real owner and Myer Grodsky as real owner" and against surviving defendants. The affidavit of defense filed on behalf of the real owners sets forth that decedent "was not the owner of record or otherwise of said premises, at the time of his death on December 28, 1945"; that the judgment was not a lien against the premises either at the time of Frederick W. Biddle's death, nor within five years prior thereto, and that all claims against decedent's estate must be presented to the orphans' court.

Since the early case of Colhoun v. Snider, 6 Binney 135, it has been uniformly held that a judgment was not a lien on after-acquired real estate in the absence of a levy of execution: Dungan's Appeal, 88 Pa. 414; Sherrard's v. Johnston Executors et al., 193 Pa. 166. Therefore, the debtor was free to transfer the premises he acquired on February 7, 1941, and by a bona fide alienation vest in his grantees an unencumbered title: 6 Standard Pa. Practice 785. From the pleadings, however, it appears clear that the debtor did not divest himself of his equitable interest in the property, but merely placed it in the name of his wife and Myer Grodsky as trustees for a specific purpose, namely, to reconvey title to a corporation about to be formed. The alternative provision in the deed, however, is not of equal clarity. Perhaps because he wished to allow for the contingency that subsequently did occur, the grantor provided that title could be reconveyed otherwise by a deed wherein he and Grodsky joined as grantors. Unless Grodsky had some interest in the property, requiring his joinder in a subsequent deed would appear to be imprudent and burden the grantor's equitable ownership unnecessarily. The affidavit of defense, however, is silent as to any beneficial interest of Grodsky, and we must assume, as defendant Frances M. Biddle set forth in her petition for letters testamentary in her husband's estate, that Biddle remained the sole beneficial owner of the property at the time of his death, the incorporation of Biddle & Company, Incorporated, having failed to materialize.

Since the judgment was not a lien against Frederick W. Biddle's real estate by either entry or revival within five years prior to the date of his death, it was not revived as a lien of record against his real estate by reason of his death, but was of the same force and effect as a debt not of record: Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15 (f), 20 PS §526. Had it been a lien at the time of his death, it would have continued

as such automatically for a period of five years thereafter: Fiduciaries Act, supra, sec. 15(g), 20 PS §527. As an ordinary debt, however, it became a lien on all his real estate for a period of one year immediately following his decease (Fiduciaries Act, supra, sec. 15(a); Act of May 23, 1945, P. L. 861, sec. 1, 20 PS §521), and could be continued as a lien after the expiration of that year, only by a writ of scire facias to revive issued within that time, indexed against decedent and his personal representatives and duly prosecuted to judgment. For five years thereafter, the lien would then continue.

A lien of a judgment can also be continued by the conveyance of land by a judgment debtor at a time when the property is burdened by a subsisting lien. The transfer continues the lien of the judgment for five more years from the date when the terre-tenant takes possession or records his deed, during which time the in rem effect of the original judgment remains a burden upon the land of the terre-tenant: First Nat. B. & T. Co. et al. v. Miller et al., 322 Pa. 473; Farmers National Bank & Trust Co. to use v. Barrett et al., 321 Pa. 273. Therefore, the conveyance to the present real owners of a property burdened by the lien of a decedent's debts, continued that lien against that specific real estate for five years from the date when the deed to them was recorded.

A judgment debtor can only set up as a defense to a writ of scire facias to revive a judgment matters which have arisen since the entry of the judgment (Lauer to use v. Ketner, 162 Pa. 265), including the nonexistence of the judgment, its payment, or its discharge: City Nat'l. Bank for use v. Atkinson et al., 316 Pa. 526; Moll to use v. Lafferty, 302 Pa. 354; Trader etc. v. Lawrence et vir, 182 Pa. 233; Shelinski v. Obrekes et ux., 97 Pa. Superior Ct. 340. If plaintiff wishes to revive his judgment against the debtors, he may do so, and the fact that the judgment is or is not

a lien against any real property is not a defense to such revival. It is therefore clear that judgment should be entered against the original debtors or their personal representatives.

Since a writ of scire facias is not an original writ, but merely a process to continue or revive the lien of a judgment obtained in an original action, a different situation is presented as to terre-tenants, who have been defined as those who purchase an estate mediately or immediately from a debtor while it is bound by the lien of a judgment: Ellinger v. Krach et al., 150 Pa. Superior Ct. 384. A judgment against them is not in personam but in rem, and therefore they may defend on the ground that the judgment debtor had parted with title to the real estate at a time when it was not bound by the lien of the judgment, or that the lien had been extinguished by satisfaction, or release or want of revival, or that the judgment was never a lien against the property: Colwell v. Easley, 83 Pa. 31; Cusana, Admx., et al. v. Rubolino et al., 351 Pa. 41.

The affidavit of defense filed by the terre-tenants is defective in pleading conclusions of law. If the property of which they are now the registered owners was not that of decedent at the time of his death, then, of course, the lien of his debts did not attach upon his death, and their title thereto is unencumbered. In its present form, the affidavit of defense is tantamount to no defense at all, and it is well settled that a terre-tenant's failure to answer a writ of scire facias is conclusive and his property continues to be bound by the judgment: Fox et al. v. Henry et ux., 318 Pa. 241. To prevent a summary judgment from foreclosing a possible equity, an opportunity should be extended to the terre-tenants to amend their answer if they have a valid defense.

There is no merit to defendants' contention that the orphans' court has exclusive jurisdiction of this litigation. It is not the only court with jurisdiction to deter-

mine the validity of a claim against a decedent's estate or the validity of a lien created under section 15 of the Fiduciaries Act: Tourison's Estate, 321 Pa. 299, 303.

For the foregoing reasons, therefore, leave is granted to Frances M. Biddle and Myer Grodsky, real owners, to file an amended affidavit of defense within 15 days, otherwise rule absolute.

### Order

And now, to wit; April 12, 1947, plaintiff's rule for judgment for want of sufficient affidavit of defense against Francis M. Biddle and Myer Grodsky, real owners, is made absolute with leave to said real owners to file an amended affidavit of defense within 15 days.